WINGATE, STONE & WELLS, Appellants, v. J. J. BUHLER *et al.*, Respondents.

St. Louis Court of Appeals, May 7, 1895.

**Sales:** VENDOR'S RIGHT OF RESCISSION. A purchase of personalty by an insolvent, when procured by fraud or with no intention on the part of the purchaser to pay for the property, may be avoided by a season-

able rescission on the part of the seller; and such rescission will be effective against one who claims under the purchaser with notice of the infirmity of the latter's title.

*Appeal from the Christian Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Edward J. White* and *Carr McNatt* for appellants.

*F. T. Stockard* and *H. A. Pearce* for respondent E. Osborne.

BOND, J.—Plaintiffs replevied certain goods sold by them to defendants as composing the firm of Buhler & Company on the theory that defendants, knowing of their insolvency, had bought the goods without any intention of paying for them and had induced the sale by fraudulent misrepresentation. The case was tried in the justice's court and judgment given for defendants, from which it was appealed to the circuit court where defendants had judgment, and plaintiffs appealed.

On the trial the evidence tended to show that plaintiffs gave credit for the goods in question solely upon their faith in certain misrepresentations of the solvency of the firm, made to the commercial agencies and communicated to plaintiffs; that, at the time of the sale to the defendants of the first bill of goods in dispute, defendant Osborne was a member of the firm; that soon thereafter he retired, of which plaintiffs had no actual notice, and took a mortgage from his codefendant to indemnify him against loss for certain partnership claims mentioned therein, not including that of plaintiff, and to secure an individual claim; that under cover of this shortage defendant Buhler ran the store

for several months, appropriating the proceeds and rendering no account; that, prior to plaintiffs' replevin, said defendant Osborne, as mortgagee, took possession. There was also evidence tending to show that the mortgagor was insolvent at the time of the purchase of the goods and when he made the mortgage to his copartner, and that he knew he could not pay for the goods when the bills should mature; that, when plaintiffs heard of the mortgage from one defendant to another, they gave notice of their rescission of the contract of sale of the goods in dispute; that defendant Buhler said he was willing to agree to the rescission. Defendant Osborne, however, claimed the goods under the clause in the mortgage providing for future acquisitions. The court made a general finding for defendants and gave judgment accordingly and overruled the motion for new trial, complaining, among other things, of the refusal of the court to make a finding of the facts as required by statute.

This case was tried by the court without a jury. The errors complained of are the refusal by the court of eight declarations of law requested by plaintiffs. None of these requests were drawn with sufficient accuracy to state the correct rules of law applicable to the different phases of the case presented by the evidence. The fault in one of them (No. 8) was, however, informal. The court should have given the substance of this instruction. By it the court was asked to declare the law to be that a purchase of personal property on credit by an insolvent, procured by fraud or with no intention of paying for it, may be avoided by the vendor by a seasonable rescission, which will prevail against the possession of third persons holding such property with notice of the infirmity in the title of the buyer. There was evidence in this case tending to show that the mortgagee knew the goods replevied

were obtained by the mortgagor while he was insolvent, and with no intention on his part of paying therefor. This might have been inferred from the fact that the mortgagee had taken a mortgage upon the property of the mortgagor for a greater sum than its aggregate value, with a clause designed to charge the future acquisitions. Again, there was evidence tending to show that the mortgagee was, at the time of the purchase of the goods by the mortgagor, a copartner with him. He could not, therefore, by the device of a mortgage from his copartner acquire a higher title than that acquired by the firm in making the purchase.

These two theories were fairly presented by the evidence, and should on a retrial be covered by proper declarations of law. The circuit court was bound also upon the request of plaintiffs, on a trial before it without a jury, to state in writing the conclusions of facts found separately from the conclusions of law. Revised Statutes, 1889, sec. 2135. We presume this was not done in the present case, because the record does not show such request.

For the foregoing errors, the judgment herein will be reversed and the cause remanded. All the judges concur; Judge ROMBAUER in the result.