F. H. THOMAS ET AL., Respondents, *v.* LOUIS H. FRELIGH, Appellant.

June 1, 1880.

1. Where one purchases goods intending never to pay for them, the sale is voidable at the election of the seller, and, as between the parties, property in the goods does not pass.

2. Where a third party, with notice of facts which would put an ordinarily prudent man on inquiry, purchases the goods from the fraudulent vendee, the original owner may recover them, or their value, from such third party.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

T. A. RUSSELL, for the appellant: To warrant a recovery, fraud and falsehood should be alleged and proved as to material facts affecting the sale. — *Terry* v. *Insurance Co.*, 3 Mo. App. 595 ; *Graham* v. *Theis*, 47 Ga. 479 ; *Rice* v. *Carter*, 11 Ired. L. 298. That the false representations were made with the intent to deceive, and were relied upon. — *Brownlee* v. *Hewitt*, 1 Mo. App. 360 ; *Dunn* v. *White*, 63 Mo. 185 ; *Morse* v. *Rathburn*, 49 Mo. 91 ; *Loughton* v. *Greene*, 49 Mo. 368 ; *Holland* v. *Anderson*, 38 Mo. 55 ; *Bryan* v. *Hitchcock*, 43 Mo. 531 ; *Parker* v. *Marquis*, 64 Mo. 42. "The law will not protect against the consequences of undue confi-

dence, or encourage carelessness in affairs." — *Dormitzer* v. *Greve*, 3 Mo. App. 593; *Merchants' Bank* v. *Sells*, 3 Mo. App. 85. The jury should have been instructed that the burden was on the plaintiff to show fraud. — *Bailey* v. *Smock*, 61 Mo. 218. Where the owner places another in possession, with apparent ownership of the property, he cannot recover of a third person to whom the property has been sold. — *Bernard* v. *Campbell*, 56 Barb. 291; *Rowley* v. *Bigelow*, 12 Pick. 312; *Henderson* v. *Henderson*, 55 Mo. 534. It is not sufficient, in order to avoid the sale, that the purchaser did not intend to pay at the time agreed upon. — *Bidault* v. *Wales*, 20 Mo. 546.

McComas & McKeighan, for the respondents : Where a party does not intend to pay for goods, the title does not pass. — *Stephenson* v. *Hart*, 4 Bing. 476; *Ferguson* v. *Carrington*, 9 Barn. & Cress. 59; *Kingsford* v. *Merry*, 1 Hurl. & N. 503; *Durell* v. *Haley*, 1 Paige, 491; *Van Cleef* v. *Fleet*, 15 Johns. 147. And the goods can be recovered of a third party, purchasing with notice of such facts as would put him upon inquiry, though he paid value therefor. — *Barnard* v. *Campbell*, 58 N. Y. 73; *Danforth* v. *Dort*, 4 Duer, 101.

Hayden, J., delivered the opinion of the court.

Though the petition contains unnecessary averments detailing mere matters of evidence, its gist is that the defendant bought certain law-books of the plaintiffs, intending at the time of the purchase not to pay for the books. There was a denial, and upon the hearing it appeared that one Hook called at the book-store of the plaintiffs, represented that he was a law student, and selected the books, promising to pay for them the next week; that the plaintiffs then, and their clerk afterwards, sold books to Hook which were never paid for. There was evidence tending to show that Hook, at the times he got the books from the plaintiffs and their clerk, intended not to pay for them. In fact, he

soon after took them, while they were new and unused and had the plaintiffs' stamp upon them, to the defendant and pawned them, the defendant receiving them without examination or opening the packages in which the books were contained. Afterwards the defendant, though acknowledging he had similar books with the plaintiffs' mark upon them, which books he had received from Hook, refused to produce them, telling the constable, who had a writ of replevin for the books, that it was one thing to read the paper and another to find the property. The defendant's testimony was to the effect that he received and advanced money on the books, relying on Hook's statement that he had bought the books on credit, and relying also on an arrangement he (the defendant) had with one Wiggins, a bookseller, who put a price on the books and agreed to buy them of the defendant if they were not redeemed in a given time by Hook. There was a verdict for the plaintiffs.

The court gave the following instruction : " If the jury believe from the evidence that Hook obtained from plaintiffs any of the books in question by false representations of his circumstances, and if at the time he did not intend to pay for the same, then no title passed from plaintiffs to Hook which he could convey or pass to the defendant, and the plaintiffs are entitled to recover the value of such books as the jury may find were in defendant's possession at the time of demand therefor by plaintiffs ; unless the jury further believe from the evidence that plaintiffs passed and delivered possession of the books to Hook, and he delivered the same into the possession of the defendant for a valuable consideration, without any knowledge on the part of the defendant of the fraud and misrepresentations of Hook to plaintiffs, and without such facts coming to his knowledge as would put a man of common sagacity, care, and prudence on inquiry. If the jury, therefore, believe from the evidence that the defendant was an innocent holder of the property

for value, — that is, having no knowledge of the fraud nor of such facts as should have put him on inquiry, — the verdict should be for defendant.''

The above instruction properly applies the law to the facts of the case. The only criticism which can be made upon it is in reference to the words, " and if at the time he did not intend to pay for the same.'' It is not sufficient that the purchaser should not intend to pay for the goods at the time agreed upon. *Bidault* v. *Wales*, 19 Mo. 36. It is necessary that he should intend not to pay for the goods, or, in other words, should intend never to pay for them. *Bidault* v. *Wales*, 20 Mo. 546 ; *Fox* v. *Webster*, 46 Mo. 182. The above clause might have been more clearly expressed, but still the words " at the time '' qualify the verb " intend,'' and do not qualify the verb " pay,'' as their position shows. The jury, it must be assumed, applied the words as they stand, and thus understood them correctly. The last sentence of this instruction fairly submits the question of the defendant's connection with the transaction. *The State to use* v. *Estel*, 6 Mo. App. 9. No instruction was asked as to where the burden lay of proving knowledge or notice, on the basis of the law as laid down by the court.

Instructions were asked by the defendant as to the burden of proof, but these were properly refused. They ignored the principles that where goods are bought with the design, on the part of the purchaser, not to pay for them, the sale is merely formal and not substantial, and is voidable at the election of the vendor ; that where the seller duly elects not to be bound by the sale, the law considers that, as between the two, the property in the goods does not pass, and permits the seller to maintain replevin or trover. That an innocent purchaser may acquire a perfect title from the fraudulent vendee does not prove that, as between the original parties, the title must pass, since the maxim *nemo plus juris*, etc., is by no means of universal

application.   The possession of the property has been parted with by the owner, and it is he by whose fault an innocent party would suffer.   But here, on the facts as found by the jury, the original owner was entitled to follow the goods in the hands of the defendant.

The judgment is affirmed.   Judge BAKEWELL concurs; Judge LEWIS is absent.