R. MANHEIMER ET AL., Respondents, v. H. F. HARRINGTON ET AL., Appellants.

St. Louis Court of Appeals, January 5, 1886.

1. CONTRACTS—SALES—RESCISSION—REPLEVIN.—The seller of goods on credit can not rescind the contract of sale, and maintain replevin for the goods, upon proof that the purchaser had, at the time of the purchase, no reasonable expectation of paying for them.

2. ——— The vendor of goods sold on credit can rescind the contract and recover back the goods only upon proof that the vendee intended at the time of the purchase never to pay for the goods.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

A. BINSWANGER, for the appellants: The validity of a sale depends upon the good faith of the vendee. He has the right to purchase goods although he is insolvent and knows himself to be insolvent. *Bidault v. Wales,* 19 Mo. 36; *Redington v. Roberts,* 25 Vt. 686; *Rodman v. Thalheimer,* 75 Pa. St. 232; *Klopenstein v. Mulcahy,* 4 Nev. 296; *Morrill v. Blackman,* 42 Conn. 324. The question whether the vendee obtains possession of goods with the intent never to pay for them is a question of fact, and this fact must be proved affirmatively. *Earl of Bristol v. Wilsmore,* 1 Barn. & Cres. 514; *Bidault v.*

*Wales*, 19 Mo. 37; *Nichols v. Pinner*, 18 N. Y. 295. The representation to have the effect to avoid a sale must be such as is calculated to deceive a person of ordinary prudence, and be relied on by the vendor as an inducement to make the sale. *Gregory v. Schoenell*, 55 Ind. 101; *Dyer v. Tilton*, 23 Vt. 313; *Poor v. Woodburn*, 25 Vt. 234; *Garbutt v. Bank*, 22 Wis. 384; *Patton v. Campbell*, 70 Ill. 72. The instructions given for plaintiff placed the matter unfairly before the jury; embodied within them two propositions welded into one, to one of which said propositions undue prominence was given, and which proposition was no ground for rescinding the sale. *Bidault v. Wales*, 20 Mo. 550; *Hickam v. Griffin*, 6 Mo. 43; Thomp. Charg. Jury, sect. 72.

NATHAN FRANK, for the respondents : A party who buys goods on a credit when he is insolvent, not intending to pay for them, and conceals his insolvency and his intent not to pay for them, is guilty of a fraud which entitles the vendor to disaffirm the contract and recover the goods. *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 550; *Donaldson v. Farwell*, 93 U. S. 631; *Davis v. Stewart*, 8 Fed. Rep. 803; s. c., 3 Mc-Crary, 174; *Stewart v. Emerson*, 52 N. H. 301; *Fox v. Webster*, 46 Mo. 181. And this court has so decided in the case of *Thomas v. Freligh* (9 Mo. App. 157). The intention not to pay for the goods is a question of fact, and is for the jury under the testimony. *Bidault v. Wales*, 19 Mo. 36; see language of Judge Scott, p. 38; 1 Benj. Sales, Am. Ed. (Corbin), sect. 656, and *note*; Benj. on Sales, 4 Am. Ed. (Bennett), sect. 440, and *note*.

THOMPSON, J., delivered the opinion of the court.

This is an action of replevin for some goods sold and delivered by the plaintiff to Leubrie Brothers. The candor and discriminations of the opposing counsel have narrowed the question for our decision down to this : whether the court committed an error of which the defendants

can complain in giving at the request of the plaintiffs the two following instructions:

"3. If the jury believe from the evidence that Leubrie Brothers, at the time of the purchase of the cloaks in question, were in good or ordinary credit, but in fact were insolvent ; and if the jury shall find that they did not, at the time of the purchase of said cloaks, intend to pay for the same, and that they were aware of the insolvency, but concealed from the plaintiffs their insolvency and intention not to pay for the cloaks, the verdict must be for the plaintiffs."

"4. The court instructs the jury that if they believe from the evidence that, at the time of the purchase of the cloaks in question, Leubrie Brothers were insolvent, and had *no reasonable expectations* or intentions of paying for the goods in controversy, their verdict must be for the plaintiffs. The jury are further instructed that the defendants, Hellman and Harrington, simply stand in the shoes and in the place of Leubrie Brothers."

The passage specially complained of consists of the words which we have italicised. As counsel differ concerning the probable effect of these instructions on the minds of the jury, it may be well enough to set out other instructions which the court gave, bearing upon the same point of law. The words italicised were added by the court of its own motion.

"9. If the jury believe from the evidence that Leubrie Brothers, for the purpose of procuring the cloaks in question, made any false or fraudulent representations to the plaintiffs touching their financial condition (*or representations called for by other instructions given*), and if the jury further believe that said Leubrie Brothers purchased said cloaks with the intention not to pay for the same, then they will find a verdict in favor of the plaintiffs ; if, however, the jury believe otherwise they will find for the defendants."

"10. The court instructs the jury that if they believe from the evidence that the property in question in this suit was part of the merchandise assigned

to Louis M. Hellman, as assignee of the estate of Leubrie Brothers, and was in possession of the defendant as such assignee, at the time the same was replevied out of his hands, and if the jury further believe from the evidence that at the time of the purchase of said property from the plaintiffs by Leubrie Brothers, no false or fraudulent representations were made by Leubrie Brothers, or their authorized agent, to the plaintiffs to induce them to sell the property in question to Leubrie Brothers, and if the jury further believe that said Leubrie Brothers, at the time of the said purchase of goods, intended to continue to carry on their business and to pay for the goods at the expiration of the time the same were sold for, according to the terms of the sale, they will find a verdict for the defendant even though they may believe from the evidence that at the time of the purchase of said property in question said Leubrie Brothers were insolvent and knew they were insolvent."

The rule of law is conceded to be that where a person purchases goods on credit, knowing at the time that he is insolvent, and not intending to pay for them at all, the vendor may avoid the contract and reclaim the goods. *Bidault v. Wales*, 19 Mo. 36 ; s. c., 20 Mo. 550 ; *Fox v. Webster*, 46 Mo. 181 ; *Thomas v. Freligh*, 9 Mo. App. 151.

And the question is whether instruction number four, given for the plaintiff as above set out, goes beyond this rule and states an erroneous conclusion of law. We are constrained to hold that it does. It is perceived that the two clauses, "had no reasonable expectations or intentions of paying for goods," are in the disjunctive. The word "intentions" does not qualify the word "expectations," but is separated from it. The jury would be at liberty to find for the plaintiff if they should be of opinion that Leubrie Brouthers "had no reasonable expectations" of paying for the goods at the time of the purchase.

The question for decision is thus narrowed down to this : whether a merchant who purchases goods on credit

gets a title as against his vendor if he is insolvent at the time and has no reasonable expectation of paying for them. Although the decision of Mr. District Judge Nelson in *Davis v. Stewart* (8 Fed. Rep. 803; s. c., 3 McCrary, 174), seems to answer this question in the negative, we are of opinion that under the decisions in this court, above cited, it must be answered in the affirmative. According to those decisions, in order to enable the vendor to avoid the sale it must appear that the vendee intended never to pay for the goods. Now, it is quite clear that the absence of a reasonable expectation of paying for goods is not tantamount to an intention never to pay for them. The vendee may honestly intend to pay for them, and yet his real financial condition may be such that a reasonable man in his circumstances would not entertain such an expectation ; and yet, under this instruction, the title would not pass to him. He may have intended and expected to pay for them at the time agreed upon, and yet, if a jury should say that his expectation was without a reasonable foundation, the sale would be avoided. We are, therefore, of opinion that this is an erroneous statement of the law.

The remaining question is whether, in view of the fact that other instructions which were given correctly, laid down the law to the jury, the defendants were prejudiced by the giving of this instruction. The well known rule under this head is that where one instruction states the law upon a material point correctly, and another instruction states it incorrectly, the judgment must be reversed ; since it can not be known whether the jury followed the correct, or the incorrect, instruction.

As the counsel for the plaintiffs suggest that the court rejected material evidence offered by them, bearing upon the intent with which the purchase was made, and narrowed the inquiry too much, we take leave to say, as we have said in other cases of this kind, where fraudulent intent was the gist of the inquiry, that the evidence should be allowed to take a wide range and that other transactions of the party accused of the

fraudulent intent, not only contemporaneous with the transaction in controversy, but previous and subsequent to it, which have a natural tendency to explain the motives with which it may have been effected and which are not too remote and conjectural, should be gone into.

The judgment is reversed and the cause remanded. All the judges concur.