Herboth v. Gaal.

---

C. HERBOTH, Doing Business as C. HERBOTH & Co., Appellant, v. AUGUST GAAL, Respondent.

**St. Louis Court of Appeals, December 8, 1891.**

1. **Practice, Trial: DEMURRER TO EVIDENCE.** A demurrer to the evidence at the close of plaintiff's case admits every relevant fact shown by competent evidence, as well as every inference which may logically be drawn from the facts thus shown.

2. **Fraudulent Purchase: INTENTION NEVER TO PAY.** The intention never to pay for goods purchased is one which is seldom provable by direct evidence, but must in almost every case be found by the jury from surrounding circumstances. And *held*, that the evidence in this case was sufficient to warrant such a finding.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*J. W. Collins*, for appellant.

*John A. Gilliam*, for respondent.

ROMBAUER, P. J.—This is an action of replevin in the usual form instituted before a justice of the peace. As there are no formal pleadings before these tribunals, we must gather the theory on which this action was brought from the plaintiff's evidence and the argument of the plaintiff's counsel before us. According to the

argument, if we understand it correctly, the theory of the action is, that the defendant and one Kranz were partners in a small store carried on in the firm-name of Kranz & Co.; that they represented themselves to the plaintiff as such; that the plaintiff sold them certain bills of goods in September, October and December, 1890, which bills remained unpaid; that in December, 1890, George Kranz, claiming that he was the sole owner of the goods in the store and that the defendant had no interest therein, sold the contents of the store to the defendant for a consideration consisting mainly of a claim for wages, and an antecedent indebtedness; and that, when the payment of the plaintiff's bills was demanded from the defendant thereafter, he stated to the plaintiff that he was not responsible for them, as he was not a partner of Kranz when the goods were bought. There was substantial evidence tending to show the above facts, which, as the plaintiff claims, was sufficient to admit of the legitimate inference that the goods were bought by Kranz and the defendant with the preconceived design and intention of never paying for them, and hence that the sale was voidable for fraud, so that the goods might be retaken on replevin. The plaintiff assigns for error that the court erred in instructing the jury that under this evidence he could not recover.

A demurrer to the evidence at the close of plaintiff's case admits every relevant fact shown by competent evidence, as well as every inference which may logically be drawn from the facts thus shown, and the court in passing upon a demurrer to the evidence cannot make any inference in favor of defendant to rebut any inferences thus admissible in favor of the plaintiff's case. The correctness of this proposition as a rule of practice has been frequently asserted by the appellate courts of this state. The intention never to pay for goods purchased is one which is seldom provable by direct evidence, and must in almost every case be

found by the jury from surrounding circumstances. Applying these propositions to the facts of the case at bar, we must conclude that the court erred in withdrawing the plaintiff's evidence from the jury. The judgment is reversed and the cause remanded. All the judges concur.