R. H. BLACKWELL, Respondent, v. A. W. FRY, Appellant.

St. Louis Court of Appeals, May 10, 1892.

1. **Attachment, Grounds for:** FRAUDULENT CONTRACTION OF DEBT. If a debtor contracts a debt with the preconceived intention not to pay it, the debt is fraudulently contracted within the meaning of the statute defining the grounds for attachment, and the creditor is accordingly entitled to a writ of attachment in aid of his suit thereon.

2. ———: ———: CIRCUMSTANTIAL EVIDENCE. The existence of an intention on the part of the debtor never to pay the debt may be established by circumstantial evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Nat. C. Dryden* and *T. J. Rowe*, for appellant.

No brief filed for respondent.

BIGGS, J.—This is an action on an account with an attachment in aid. It originated before a justice of the peace. On appeal to the circuit court there was a trial of the plea in abatement, in which the issues were found for the plaintiff and the attachment sustained, there being no controversy as to the debt. Judgment was entered on stipulation for the amount sued for. The defendant's motion for a new trial on the plea in abatement being overruled, he thereupon tendered his bill of exceptions, and prayed for an appeal to this court, which was granted.

Among the several alleged grounds for the attachment, the one which charged that the debt was fraudulently contracted was the only one which was submitted

to the jury. As to that issue the court instructed as follows: "1. But if from all the evidence in the case you believe and find that, at the time when the debt sued for in this case was contracted by the defendant, he had the purpose and intention of defrauding the plaintiff as to such indebtedness, and had formed the purpose and intention at the time not to pay the same, then your verdict should be for the plaintiff.

"2. And in determining the question, whether or not the debt sued for was fraudulently contracted, you are to consider all the facts and circumstances shown in evidence. And if from all such facts and circumstances shown in evidence you are satisfied that, at the time the defendant contracted the debt in question, he knew that he would not be able to pay the said indebtedness, you are at liberty from that fact to infer that he had at the time formed an intention and purpose not to pay the same; but you are not bound to draw that inference from the mere fact, if it is a fact, that the defendant knew at the time that he would not be able to pay said indebtedness."

The defendant asked the court to instruct that under the law and evidence the finding should be for him; this instruction the court refused. The defendant asked and the court gave other instructions, but it is not necessary to set them out.

The argument of the defendant's counsel in support of the demurrer to the evidence, and against the correctness of the instructions of the court, is that the evidence was not sufficient to establish that the debt sued for was fraudulently contracted within the meaning of the attachment law. This contention rests on the theory, that it cannot be said that a debt is fraudulently contracted so as to authorize an attachment, unless some false act or manifestation of the debtor was relied on by the creditor, and he was thereby induced to

extend the credit. This theory can only be applied to the facts in the present case, if an intention not to pay an obligation at the time it is incurred does not amount to the fraudulent contracting of a debt within the meaning of the attachment law. It would be preposterous in such a case to require the creditor to go further, and show that he was in some way deceived or misled by some manifestations of the debtor by which he was induced to give him credit; for, if a debtor entertained such a design, he would be careful to conceal it. This is what the defendant's argument leads to. Therefore, we are of the opinion that if the defendant's assignments are to be sustained at all, it must be upon the ground that the court's instructions are wrong in that they submitted the issue to the jury upon an entirely erroneous theory.

In the case of *Finley v. Bryson*, 84 Mo. 664, 668, the supreme court treated of this question. It was there said: "The debtor must have been guilty of some material deceptive act, word or *concealment*, done or suffered by him with the intent to *induce* the opposite party to consent to the debt. The opposite party must have relied upon such false acts or manifestations of the debtor, and yielded his consent to the contract on the faith thereof. In this manner alone results a debt fraudulently contracted." The defendant's contention in the present case is based on this utterance of the supreme court. The latter clause, upon which reliance is chiefly placed, has application to cases where the debtor has been guilty of some active fraud, as some material, deceptive act or representation as to the condition of his assets, or the amount or nature of his liabilities, or as to some other affirmative matter, by which the creditor was induced to give the credit. We do not think that the court's language, either expressly or by implication, can be construed to mean that a

design or intention not to pay an obligation does not render such debt fraudulent, so as to authorize an attachment. The court evidently had in mind cases where the debts were alleged to have been *induced* by fraud, which necessarily implies some active fraud or overt act, and not to cases where there has been a fraudulent concealment, such as the concealment of an intention never to pay the· debt, which is usually unexpressed, and, therefore, could not be known to anyone except the debtor himself. In the *Bryson case* the, court held that there was *no debt;* and, therefore, under the court's view of that question, there could not possibly be evidence to sustain the alleged ground of attachment. There had been a wrongful conversion of the plaintiff's property by the defendant, and the court· decided that it was not permissible for the plaintiff to waive the tort and sue by attachment for the value of the property upon the idea that a debt had thus been fraudulently contracted.

In support of the action of the court in the case in hand, the well-established rule may be invoked to the effect that, when a purchaser buys on credit, knowing at the time that he is insolvent, and not intending to pay for them at all, the vendor may avoid the contract and reclaim the goods. *Bidault v. Wales,* 19 Mo. 36; s. c., 20 Mo. 550; *Fox v. Webster,* 46 Mo. 181; *Thomas v. Freligh,* 9 Mo. App. 151; *Manheimer v. Harrington,* 20 Mo. App. 297; *Herboth v. Gaal,* 47 Mo. App. 255, decided by this court at the last term. These cases recognize the vendor's right of rescission, based upon a design on the part of the vendee not to pay for the goods. But the vendor is not bound to rescind. He may enforce the contract as made. Indeed, the facts and circumstances may be such that no other remedy is available to him. If, therefore, the vendor may rescind

a contract for such a fraud, and recover back the property sold, we can see no valid reason why the same evidence would not be sufficient and competent to prove the statutory ground of attachment, that the debt had been fraudulently contracted. Hence, we conclude that, if there was sufficient evidence in the case at bar to authorize the instructions of the court, the judgment must be affirmed.

We have read the record with care, and, while the evidence was meager and entirely circumstantial, yet we are not prepared to say that it does not support the judgment. As was said by us in the case of *Herboth v. Gaal, supra,* "the intention never to pay for goods purchased is one which is hardly ever provable by direct evidence, and must in almost every case be found by the jury from surrounding circumstances." The evidence concerning the defendant's subsequent conduct as to his property, and his action in reference to the payment of this particular debt, had some tendency to show that he intended not to pay the debt at the time he contracted it. We do not deem it necessary to go into this evidence, as we understand the defendant's assignment to rest on the proposition that evidence of such an intention, which in no way *induced* the contract, would have no tendency to prove that the debt was fraudulently contracted within the meaning of the attachment law.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.