BENJ. F. COFFMAN, Respondent, v. NIAGARA FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. **Insurance:** NOTICE OF LOSS: WAIVER. When verbal notice of loss is given to the local agent of the insurer who communicates it to the insurer, and he thereupon acted upon it without complaint, the written notice required in the policy is waived.

2. ————: PROOFS OF LOSS: NO NOTICE TO PRODUCE: SECONDARY EVIDENCE. When plaintiff gives no proper notice to produce the original proofs of loss, secondary evidence as to the contents of such proofs is improper and should be excluded, and when the court, trying the case without a jury, seems to have attached weight and importance to such evidence the judgment will be reversed.

*Appeal from the Clay Circuit Court.*—HON. ELBRIDGE J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

(1) Defendant's demurrer to the evidence ought to have been sustained for the reason that there is no evidence whatever tending to show that the provisions of the policy requiring immediate notice in writing of the loss was given to defendant by assured or any one for him. *La Force v. Ins. Co.,* 43 Mo. App. 518; *Edwards v. Ins. Co.,* 75 Pa. St. 378; *Whitehurst v. Ins. Co.,* 7 Jones Law (N. C.), 433: *Brown v.*

*Assurance Corp.*, 40 Hun, 101; *Assurance Co. v. Burwell*, 44 Ind. 460; *Trask v. Ins. Co.*, 29 Pa. St. 198. (2) The court erred in admitting evidence as to the contents of the proofs of loss. *Sheehan v. Ins. Co.*, 53 Mo. App. 351; *Lewis v. Dille*, 17 Mo. 69; *Ins. Co. v. Lonergan*, 21 Mo. 46; *Carr v. Carr*, 36 Mo. 411; *Price v. Hunt*, 59 Mo. 258; *Luhn v. Swartz*, 33 Mo. App. 610; *Harvey v. Herriman*, 39 Mo. App. 219; *Lewis v. Hudman*, 56 Ala. 186; *Ins. Co. v. Lewis*, 23 Fla. 193; *Nelson v. Central Co.*, 35 Minn. 408; *Columbus Co. v. Tillman*, 79 Ga. 607. (3) Under the terms of the policy, proofs were required to be made by the assured. The facts disclosed are not sufficient to excuse the assured from making proofs of loss, are not sufficient to authorize the court to hold that proofs sworn to by Shutters constituted a compliance with the requirement of the policy. The requirement that proofs of loss shall be signed and sworn to by the assured is personal and the company has a right to insist upon it in the absence of extreme circumstances showing that it was impossible for the assured in person to make the proofs.

*Hardwicke & Hardwicke, G. F. Isgrig* and *Simrall & Trimble* for respondents.

(1) The notice of loss given to Mr. Corbin, defendant's agent, seems to have been accepted by him, and conveyed by him to defendant, and accepted and acted on by defendant. If it was insufficient, the insufficiency must be deemed to have been waived. It should have, at least, been pointed out to the trial court, either at the trial or in the motion for new trial. *Edwards v. Ins. Co.*, 20 Fed. Rep. 661; *Ins. Co. v. Edwards*, 122 U. S. 457; *Westlake v. Ins. Co.*, 14 Barb. (N. Y.) 206, 207; *Ins. Co. v. Myer*, 93 Ill. 271, at 275; *Welsh v. Assurance Co.*, 151 Pa. 607; *Gale v.*

*Ins. Co.*, 33 Mo. App. 664; *Claflin v. Sylvester*, 99 Mo. 276; *Ag'l, etc., Ass'n v. Delano*, 37 Mo. App. 284; *Nall v. Railroad*, 97 Mo. 68; *Ringo v. Railroad*, 91 Mo. 667. (2) The objection to the proof of loss—that it was made by an agent and not by the principal—is not a sufficient objection. *Sims v. Ins. Co.*, 47 Mo. 54; *Ins. Co. v. Grunert*, 112 Ill. 68; *O'Conner v. Ins. Co.*, 31 Wis. 160; *Findeiser v. Ins. Co.*, 57 Vt. 520. (3) As defendant received, accepted and did not return the proof of loss to plaintiffs, and did not show, and has not shown, that it failed to comply with the terms of the policy, it must be presumed that it complied with the requirements of the policy, or that all defects were waived by defendant. *McCullough v. Ins. Co.*, 21 S. W. Rep. (Mo.) 207; *Franklin v. Ins. Co.*, 42 Mo. 456; *Parks et al. v. Ins. Co.*, 26 Mo. App. 511, at 532; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Works v. Ins. Co.*, 57 Me. 281, at 282, 283; 2 May on Insurance [3 Ed.], secs. 469, 470, and cases cited. (4) As the evidence showed that proof of loss was made, within a reasonable time, and mailed to and received by defendant, and that the only objection made to it was that it was made by an agent, the court properly found that the condition of the policy in regard to proof of loss had been complied with by plaintiffs, or waived by defendants, and properly gave judgment for plaintiffs. *Hincker v. Ins. Co.*, 50 N. Y. 657; *McCullough v. Ins. Co., supra; Warner v. Ins. Co.*, 14 Wis. 318; *Breckenridge v. Ins. Co., supra*. No other objection could have been urged, at the trial, against the proof of loss. *Breckenridge v. Ins. Co., supra*.

ELLISON, J.—This action is based on a policy of insurance covering property afterwards totally destroyed by fire. The plaintiff's case depends (as appears from the record) not so much on a compliance

with the terms of the policy on his part, as on a waiver of these terms and conditions by defendant.

We are of the opinion that sufficient appears to show a waiver of immediate written notice of loss as required by the policy; since verbal notice was given to the local agent who communicated it to the defendant company which seems, from other evidence in the cause, to have acted upon such notice without complaint.

There was evidence showing the fact that proofs of loss were given, but whether these proofs were sufficient in legal substance does not appear. There was evidence tending to show a waiver of defects except that the proof was made by an agent and not by plaintiff. The court then, against the repeated protest of defendant, permitted testimony to be introduced showing the contents of these proofs, without requiring a proper accounting for the originals. No proper notice to produce the originals was given, and so the court ruled, but nevertheless allowed the contents to be shown by oral testimony. The defendant then asked to have such testimony stricken out, which request was overruled. We must conclude from this that the trial court attached weight and importance to such evidence and that it had its influence in the finding (there being no jury). The testimony was improper and should have been excluded. *Sheehan v. Ins. Co.,* 53 Mo. App. 351.

The judgment will be reversed and the cause remanded. All concur.