WM. S. MERRILL CHEMICAL COMPANY, Appellant, v. M. B. NICKELLS et al., Respondents.

Kansas City Court of Appeals, May 18, 1896.

1. Replevin: VALUE: DEPRECIATION: INSTRUCTION: HARMLESS ERROR. In replevin the value of the property should be assessed as of the time of the trial and not as of the commencement of the action, and where there is an agreement as to the value at the commencement of the action, the presumption is the value remains the same unless rebutted; and an instruction defective for indefiniteness is harmless in this case.

2. ——: VALUE OF PROPERTY: DAMAGES: INSTRUCTION:· HARMLESS ERROR. In replevin there are separate findings as to the value of the property and as to the amount of damages to be assessed. The damages are the depreciation in the property while in the hands of the plaintiff in consequence of the replevin, and an instruction, though erroneous, is *held* harmless.

3. ——: ANSWER: JUDGMENT: APPELLATE PRACTICE: ERROR OF RECORD. Where in replevin the answer of the defendant does not demand a return of the property, there can be no return adjudged and a judgment for return is patent error on the record and will be noticed by the appellate court without motion in arrest.

4. Sales: FRAUD: INSOLVENCY: RESCISSION: PEREMPTORY INSTRUCTION. Where a purchaser buys on credit knowing that he is insolvent and with the intention not to pay, the vendor may avoid the contract and reclaim the goods, but there must be a rescission with tender of consideration received before the vendor is entitled to retake the property; and since there was no evidence of rescission in this case, a peremptory instruction to find for the defendant was proper.

5. Appellate Practice: ABSTRACT: EVIDENCE: INSTRUCTION. The appellate court will not review an objection to an instruction on the ground that there is no evidence to support it when all the evidence is not set out in the abstract.

6. Evidence: WRITTEN INSTRUMENT: PAROL: NOTICE TO PRODUCE. Parol evidence of the contents of a written contract is not admissible while the contract exists and no notice has been given to produce it.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

MODIFIED AND AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) In replevin the value of the property is to be estimated as of the date of the trial. *Chapman v. Kerr,* 80 Mo. 158; *Mix v. Kepner,* 81 Mo. 93; *White v. Storms,* 21 Mo. App. 288; *Kendall v. Bain,* 46 Mo. App. 581; *Hinchey v. Koch,* 42 Mo. App. 230; *Miller v. Bryden,* 34 Mo. App. 602; *Burkeholder v. Rudrow,*

19 Mo. App. 60; *Hoster v. Teppe*, 27 Mo. App. 207. (2) When the court undertakes to instruct upon the measure of damages, it must instruct correctly. *Kick v. Doerste*, 45 Mo. App. 140; *Shenuit v. Breuggestradt*, 8 Mo. App. 47; *Matney v. Gregg*, 19 Mo. App. 107; *Morrison v. Yancey*, 23 Mo. App. 670; *Williams v. Iron Co.*, 30 Mo. App. 662; *Flynt v. Railroad*, 38 Mo. App. 94; *Wilburn v. Railroad*, 36 Mo. App. 203. (3) When the defendant in a replevin suit answers by general denial and does not claim a return of the property, it is error to render judgment in his favor for its value. *Fowler v. Carr*, 55 Mo. App. 145; *Young v. Glascock*, 79 Mo. 574; *Clinton v. Stovall*, 45 Mo. App. 642–644. (4) Where fraudulent statements are made to a vendor by a vendee in reference to the latter's financial ability, as a basis of credit, it is for the jury to say what reliance was placed upon such statements in extending credit. If the triers of the fact believe that the vendor relied upon such statements in whole or in part the sale is voidable at his election. *Hartt v. McNeil*, 47 Mo. 526; *Ring v. Glass Co.*, 44 Mo. App. 111. (5) Where a vendee purchases goods, knowing or having reason to believe that he will not be able to pay for them, the sale is a voidable one at the election of the vendor. *Blackwell v. Fry*, 49 Mo. App. 638. (6) In rescinding a sale induced by fraud, it is not necessary that the vendor should restore the other party what he has received under it where the other party is indebted to him in a larger amount. *State ex rel. v. Jones*, 53 Mo. App. 207, 220; *Girard v. Car Wheel Co.*, 46 Mo. App. 79, 105, 106; 123 Mo. 538. (7) Where a tender, if made, would have been fruitless, it need not be shown. *Soap Co. v. Sayers*, 55 Mo. App. 15, 25; *McManus v. Gregory*, 16 Mo. App. 375; *Harwood v. Diemer*, 41 Mo. App. 48.

*I. J. Ringolsky* and *W. C. Forsee* for respondents.

(1) The value of the property at the time of its caption is *prima facie* evidence of its value at the date of the trial. The presumption of law is that the value did not change. Best's Prin. Evidence, pp. 303, 389; 1 Greenleaf on Evidence, sec. 41; 2 Wharton on Evidence, secs. 1284, 1286; *Luyson v. Wilson*, 37 Mo. App. 636–640. (2) There is a wide distinction between the value of the property to be assessed by the jury, and damages which may be assessed for its taking and detention. *Mix v. Kepner*, 81 Mo. 96; *Chapman v. Kerr*, 80 Mo. 163; *Pope v. Jenkins*, 30 Mo. 528; *Miller v. Bryden*, 34 Mo. App. 606; *Burkeholder v. Rudrow*, 19 Mo. App. 65. (3) The value of property at the time it was taken is the true measure of damages if the plaintiff has the possession and it is out of the state and can not be produced at the trial. *Willison v. Smith*, 60 Mo. App. 469–473; *Estes v. Fry*, 22 Mo. App. 80; *Spurgeon v. West*, 23 Mo. App. 42; *Harrison v. Bartlett*, 51 Mo. 170; *Ford v. Cameron*, 19 Mo. App. 467; *Tyler v. Larimore*, 19 Mo. App. 445; R. S. 1889, secs. 7489, 7490. (4) The judgment in favor of Roberson is correct except that part of it which goes against the sureties on the replevin bond. *Puller v. Thomas*, 36 Mo. App. 105. A motion in arrest of judgment challenges the verdict only. It can not test the regularity or propriety of the judgment. If an erroneous or irregular judgment is entered upon a substantially good verdict the sufficiency of such judgment entry must be challenged by motion to correct, modify, or set aside such judgment. *Gilstrap v. Felts*, 50 Mo. 432; *Hunt v. King*, 24 Mo. App. 597; *Warner v. Morin*, 13 Mo. 455; *Erdbrugger v. Meier*, 14 Mo. App. 264. *Banks v. Lades*, 39 Mo. 407; *Powell v. Bevin*, 11 Mo. App. 220, 221. (5) Fraud, whether relied upon offensively or defen-

sively, must be specially pleaded. R. S. 1889, sec. 5234; *Reed v. Batt*, 100 Mo. 62; *Smith v. Sims*, 77 Mo. 273; *Williams v. Railroad*, 112 Mo. 495; *Hoester v. Sammelmann*, 101 Mo. 623; *Mateer v. Railroad*, 105 Mo. 350; *Clough v. Holden*, 115 Mo. 352. (6) A vendor who demands rescission on the ground that the vendee fraudulently purchased the goods, must, to maintain replevin, plead the specific fraud complained of. Wherever fraud is made the basis of recovery in an action of replevin it must be pleaded as in other actions. *Fox v. Webster*, 46 Mo. 181; *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 546; *Thomas v. Freligh*, 9 Mo. App. 151; Cobbey on Replevin, sec. 1015; *Parker v. Marquis*, 64 Mo. 42; Bliss, Code Pleadings, secs. 211, 339; *Bristol v Braidwood*, 28 Mich. 191; *Frisbie v. Langworthy*, 11 Wis. 375; *Gray v. Earl*, 13 Iowa, 188; *Capuro v. Builders Co.*, 39 Cal. 123; *Tucker v. Parks*, 7 Colo. 62; *Lefler v. Field*, 52 N. Y. 622; *Dixon v. Thatcher*, 14 Ark. 141; Bliss, Code Pleadings, 211, 339. (7) The fraud which entitles a vendor to a rescission is a preconceived design upon the part of the purchaser at the time of the purchase never to pay for the goods; a design and intent to get them for nothing. *Fox v. Webster*, 46 Mo. 181; *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 546; *Herboth v. Gool*, 47 Mo. 255; *Thomas v. Freligh*, 7 Mo. App. 151; *Manheimer v. Harrington*, 20 Mo. App. 300; *Blackwell v. Fry*, 49 Mo. App. 638; *Gahn v. Reid*, 18 Mo. App. 123. And the vendor must have sold the goods in full reliance upon the false statements. If he relied upon his own information he can not rescind. *Finlay v. Bryson*, 84 Mo. 669; *Bank v. Phillips*, 22 Mo. 85; *Bryan v. Hitchcock*, 43 Mo. 527; *Bailey v. Smock*, 61 Mo. 213; *St. Louis, etc., v. Union P. Co.*, 3 Mo. App. 142; *Holland v. Anderson*, 38 Mo. 55; *Morse v. Rathburn*, 49 Mo. 91. (8) The offer to rescind must be made

promptly upon the discovery of the fraud. *Cahn v. Reid*, 18 Mo. App. 123; Bishop on Contracts, sec. 680; *Monahan v. Noyes*, 52 N. H. 232; *Hunt v. Hardwick*, 68 Ga. 100; *Gould v. Bank*, 86 N. Y. 75; *Samuels v. King*, 50 Ind. 527; Cobbey on Replevin, sec. 279. If the vendor has received anything of value it must be promptly returned together with notice of his intention to rescind. *Cahn v. Reid*, 18 Mo. App. 123; *Parmlee v. Adolph*, 28 Ohio St. 10; Cobbey on Replevin, secs. 257, 261, 279; *Love v. Latimer*, 41 Ga. 171; *Cahn v. Reid*, 18 Mo. App. 116; *Thompson v. Peck*, 115 Ind. 512; *Moriarity v. Lockwood*, 89 Ill. 528; *Deane v. Lockwood*, 115 Ill. 490; *Powers v. Benedict*, 88 N. Y. 605; *Wilber v. Flood*, 16 Mich. 40; *Conner v. Henderson*, 15 Mass. 319; Bishop on Contracts, sec. 679; *Finlay v. Bryson*, 84 Mo. 669; *Bidault v. Wales*, 20 Mo. 546, 550, 551; Cobbey on Replevin, 415, and cases cited; Bishop on Contracts, secs. 672, 673, 679; *Donaldson v. Johnson*, 2 Chand. (Wis.) 160; *Copeland v. Majors*, 9 Kan. 104; *O'Brien v. Palmer*, 49 Ill. 73; Cobbey on Replevin, sec. 1055; *Schultz v. Hickman*, 27 Mo. App. 21; *Willison v. Smith*, 60 Mo. App. 472; Cobbey on Replevin, secs. 937, 938, and note where rule is fully discussed. Nominal damages are recoverable without proof of actual injury on the principle that when one interferes with another's right of property, damages may be awarded, even though the evidence shows that there has been no substantial injury. *Cory v. Silcox*, 6 Ind. 39; *Smith v. Houston*, 25 Ark. 184; Cobbey on Replevin, sec. 949; *Mill Co. v. Murlow*, 51 Hun, 453. (9) Verdict may be sufficient to support a judgment for return, but not for value. Cobbey on Replevin, secs. 1068, 1076; *Hall v. Jenness*, 6 Kan. 356; *Ashton v. Touhey*, 131 Mass. 26; *Easton v. Worthington*, 5 S. & R. 130; *Thompson v. Musser*, Dall. 458; *Donaldson v. Johnson*, 2 Chand. 160. (10) The

plaintiff should always offer evidence as to the value at the time of the trial. If he fails to do so, and to ask a proper instruction upon the point, can he complain? Cobbey on Replevin, secs. 998, 999; *Brewster v. Silliman*, 38 N. Y. 423; *Denton v. Smith*, 61 Mich. 431; *Minton v. Lewis*, 43 N. W. Rep. (Iowa) 465; 2 Whart. on Evidence, sec. 1290; Best's Prin. Evidence, p. 303, note 1; 1 Greenleaf on Evidence, sec. 41; *Cargile v. Wood*, 63 Mo. 501; *Willison v. Smith, supra; Schultz v. Hickman, supra; Mullen v. Prior*, 12 Mo. 307; Best's Prin. Evidence, pp. 274, 275; *Ketchem v. Express Co.*, 52 Mo. 390; *Willison v. Smith*, 60 Mo. App. 472; *Schultz v. Hickman*, 27 Mo. App. 21; 1 Wheat. on Evidence, sec. 357; *State v. Hirsch*, 45 Mo. 429; Best's Prin. Evidence, p. 275; *Wheat v. State*, 6 Mo. 455; *Bliss v. Brainard*, 41 N. H. 256; *Railroad v. Bacon*, 30 Ill. 347; *Welch v. State*, 11 Tex. 368; *Ford v. Simmons*, 13 La. 397; *Solomon v. Dreschler*, 4 Minn. 278; 1 Wheat. on Evidence, sec. 367.

SMITH, P. J.—This is an action of replevin to recover the possession of certain drugs and chemical preparations of the manufacture of the plaintiff. One part of said drugs and chemicals had been consigned on commission and the other sold to the defendants, C. G. Nickells and S. P. Nickells, who were doing business under the name and style of the Kansas City Drug Specialty Company. The said Drug Specialty Company, on July 17, 1893, executed two mortgages covering their entire stock, the one to defendant, M. B. Nickells (wife of the defendant C. G. Nickells) and the other to W. C. Roberson and T. C. Hill. These mortgages were given, as appears by the recitals therein, to secure certain indebtedness of the said Drug Specialty Company, to the several mortgagees. The defendant Ringolsky appears to have been connected with the

transactions between the mortgagors and mortgagees in the capacity of an attorney. The defendants, M. B. Nickells and Hill, answered claiming the property under their respective mortgages. The defendant Hill answered by denying generally the plaintiff's petition.

The plaintiff's replication was a general denial. There was a trial and judgment for plaintiff, for the consigned drugs and chemicals and for the defendants, answering for the value of those sold to the Drug Specialty Company. Only the plaintiff appealed.

I. The plaintiff objects that the judgment in favor of the defendants is excessive and that the defendants' eleventh instruction telling the jury that "its verdict should be in favor of the defendants, Hill, Roberson, and M. B. Nickells, for the possession of all goods taken by plaintiff from them, which had been sold by plaintiff to the Nickells Brothers (the Drug Specialty Company) and in making their verdict to ascertain the value of the same," was erroneous in expression and harmful in its effect.

The plaintiff's petition alleged the value of the property to be $1,750. The answers of all the defendants, except Hill, expressly admitted the value of the property to be as alleged in the plaintiff's petition. The first answer filed by the defendant Hill, which was withdrawn, contained the same admission as to the value of the property as that of the answers of his codefendants, and this was introduced in evidence by the plaintiff at the trial. So that there was practically no issue as to the value of the property, at the time of the commencement of the suit. The plaintiff was placed in possession of the property under the writ and removed out of the state. If there was any depreciation in the value of the property between the commencement of the suit and the trial, there was no evidence whatever of it.

The general rule is well settled in this state, that when either the plaintiff or defendant in a replevin suit has the property in possession and the finding is against him, the value of the property shall be assessed as of the date of the trial. The reason of the rule is that the statutable judgment under such facts is that the successful party have judgment for the return of the property, or the payment of its assessed value at his election. The equities of the statute require that the value of the property be assessed at the date of the trial, and not at the commencement of the action. And for the depreciation of value, if any, after the seizure, the successful party is supposed to be compensated in his recovery of damages for the detention. *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93; *White v. Storms*, 21 Mo. App. 288; *Kendall v. Bain*, 46 Mo. App. 581; *Hinchey v. Koch*, 42 Mo. App. 230; *Miller v. Bryden*, 34 Mo. App. 602; *Burkeholder v. Rudrow*, 19 Mo. App. 60; *Hoster v. Teppe*, 27 Mo. App. 207.

But, as said in *Willison v. Smith*, 60 Mo. App. 469, the foregoing decisions, and also the statute itself, contemplate that the party in possession of the property will have it at the trial, to abide the judgment of the court. When it has thus been preserved, its value at the trial can be determined by actual inspection. But how can the jury find the value of the property, at the date of the trial, when, as in the present case, it has been removed from the state and probably sold, or so intermingled with other like property that it can not be identified, or inspected? If the property was not *in esse* at the time of the trial, it would, of course, be impossible for a jury to find its then value. Upon the authority of *Pope v. Jenkins*, 30 Mo. 528, the St. Louis court of appeals, in *Willison v. Smith*, *ante*, ruled that when the replevied property has been sold or other-

wise disposed of, and it is impossible for the court to carry into effect the statutory judgment of a return of the property, or its assessed value, as the successful party may elect, it was proper for the court to direct the jury that the measure of damages of the successful party, the other having the possession of the property, was the value of the property at the time it was taken out of his possession. Again, the rule is that the value of the property, at the commencement of this suit, is *prima facie* evidence of its value at the time of the trial. Best's Prin. Ev., pp. 383–389; 1 Greenl. Ev., sec. 41; 2 Wharton, Ev., secs. 1284–1286.

Since the value of the property, at the time of the commencement of the suit was virtually conceded, and since there was no evidence adduced to rebut the presumption that it was the same at the date of the trial, it is clear that the value at the commencement of the suit was a proper basis for assessment of the value at the date of the trial. Whether the jury took, as the basis of their assessment, the conceded value of the property at the time of the commencement of the suit, or at the date of the trial, under the rule just stated, would be of no consequence, since the result in either case would be the same. The jury had before them complete schedules of both the sold and consigned goods, with the conceded values of the same, so that there was no difficulty in determining the separate value of each. The verdict was for the defendant, for the conceded value of the goods. It could not have been, under the pleadings and evidence, for any other amount. The defendants contend that their said instruction, previously adverted to, and the others given by the court, as to the form of the verdict, with the verdict itself, are all in the present tense. While the defendants' said instruction is not so clear and specific in its terms as it should have been, in respect to the time

when the value of the property should be assessed, still we think no harm resulted therefrom to the plaintiff, since the jury found the only verdict it could have found, had it been instructed to assess the value of the property, as of the date of the trial.

II.   The eighteenth instruction given by the court, on its own motion, already referred to, told the jury if it found the issues for the defendants, to find the present value of the property and one cent damages for the unlawful taking and detention.   There was no other instruction given relating to the measure of damages. There is a clear distinction between the value of the property to be found and the amount of damages to be assessed.   These are separate findings.   The value of the property, at the time of the assessment, is the value to be found by the jury.   In fixing the damages, if the property has been depreciated in the hands of the plaintiff, in consequence of the replevin, or the acts of negligence of the plaintiff, after the levy, the jury should consider such depreciation in their estimate of the damage occasioned by the taking and detention. *Mix v. Kepner, ante; Chapman v. Kerr, ante; Pope v. Jenkins, ante.*   But, as stated in a previous paragraph, the question of depreciation did not arise, since the plaintiff took the property replevied out of the state and disposed of the same.   The jury were told to find the present value of the property and one cent damages for the detention.   The defendants were deprived of their statutory right of election, in consequence of the disposal of the property by the plaintiff, and could only have its value.   The damages would have ordinarily been the value of the property at the time of the conversion, with six per cent interest thereon, from the time of such conversion; but, under the instruction, the defendants were only allowed the value of the property and one cent damages.   The rule declared in

the instruction, as to the damages in a case of this kind, was inapplicable, but since it allowed the defendants less damages than they were entitled to recover, as a matter of law, the plaintiff was not injured by the giving of it.

III. The record disclosed that the defendant, Roberson, did not, in his answer, claim the property replevied and demand a return thereof. The statute is, that if the plaintiff fail to prosecute his action with effect and without delay, and the defendant, in his answer, claims the property and demands the return thereof, the court or jury may assess the value of the property taken and the damages for taking and detaining the same, for the time such property was taken or detained from defendant, until the day of the trial. R. S. 7489. Hence, the verdict and judgment in favor of defendant Roberson, against plaintiff, for the assessed value of the property, given by the trial court, was erroneous. *Young v. Glasscock*, 79 Mo. 574; *Fowler v. Carr*, 55 Mo. App. 145. This error is patent upon the face of the record and will be noticed by us, though not raised in the trial court by motion in arrest, or to set aside or not. *Bach v. Meyers*, and cases there cited, 65 Mo. App. 422.

IV. The court gave a peremptory instruction to the jury to find for the defendants, as to the sold goods, and refused to submit the question of fraud in the purchase of the same by the Nickells Brothers. The well established rule of law is that where a purchaser buys on a credit, knowing at the time that he is insolvent and not intending to pay for the goods at all, the vendor may avoid the contract and reclaim the goods. *Bidault v. Wales*, 19 Mo. 36; s. c., 20 Mo. 550; *Fox v. Webster*, 46 Mo. 181; *Cahn v. Reid*, 18 Mo. App. 115; *Blackwell v. Fry*, 49 Mo. App. 638; *Thomas v. Freligh*,

9 Mo. App. 161; *Manheimer v. Harrington*, 20 Mo. App. 297; *Herboth v. Gaul*, 47 Mo. App. 255. If a contract be absolutely void, the title to the property does not pass to the fraudulent vendee; but if the contract be only voidable, it must be avoided by rescission—a restoration of the *statu quo*, before the vendor is entitled to retake the property. *Cahn v. Reid*, 18 Mo. App. 115; *Blackwell v. Fry*, 49 Mo. App. 638.

In the present case the Nickells Brothers had delivered to the plaintiff their acceptances for part of the contract price and had also made a cash payment thereon of $250. The plaintiff gave no notice of intention to rescind, nor did it make a tender back to the Nickells Brothers of their notes, or the money received; nor, indeed, were there any other steps taken in the direction of a rescission of the contract before the suit was commenced. Even if the plaintiff had introduced evidence tending to show that the Nickells Brothers were insolvent and bought the goods with the intention of never paying for them, there was no evidence of a rescission of the contract, without which there could be no right of action in plaintiff for the recovery of the goods. *Cahn v. Reid*, 18 Mo. App., *ante; Thompson v. Peck*, 115 Ind. 512; *Moriarity v. Lockwood*, 89 Ill. 528; *Deane v. Lockwood*, 115 Ill. 490; *Powers v. Benedict*, 88 N. Y. 605; *Wilber v. Flood*, 16 Mich. 40. If it be conceded that the plaintiff introduced evidence tending to prove such fraud as would justify a rescission of the contract of sale, yet there is no evidence of such rescission thereof, and consequently the court did not err in refusing to submit, by instruction, the issue of fraud and rescission, to the jury.

Recurring to the question of the tender, it is to be observed that this case is not in any way analogous to *Gerard v. Wheel Co.*, 47 Mo. App. 79, for there the

plaintiff had been injured by the negligence of the defendant and had been induced by fraud to accept a small sum in compromise of the large amount of damages sustained. In such case, it was declared that in seeking to avoid the compromise settlement, on account of the fraud, the plaintiff was not bound to restore the amount received under it, since the defendant was indebted to him in a much larger sum. None of the cases cited by the plaintiff, in their essential facts, are, in any way, analogous to that now before us. It has never been held in any case, so far as we have been able to discover, that a vendor can, while retaining the vendee's acceptances and money received for the goods, retake the goods, even in cases where the former was induced by the fraud of the latter to make the sale. It may have been that the acceptances were worthless at the time the same were received by the plaintiff, yet they may be of value later on. It often happens that the transition of those engaged in trade, mining, etc., from a state of insolvency to that of solvency, and from solvency to insolvency, is marvelously rapid. The insolvent of to-day may be the man of fortune to-morrow. This is not unusual. These acceptances may have been assigned for value, before due, and may be, in the hands of the holder, valid obligations against the Nickells Brothers, whose situation may hereafter become such as that they could be compelled to pay the same. It is the policy of the law to guard and protect the debtor against such mischievous consequences.

V. The plaintiff complains of the action of the court in giving the defendants' twelfth instruction, for the reason that there is not in the entire record any evidence to support the hypothesis therein, to the effect that defendant C. G. Nickells gave his wife the money realized from the sale of the store

situate on Fifteenth street, above Virginia avenue. It is a sufficient answer to this that the plaintiff's statement and abstract shows that all of the evidence adduced at the trial is not presented by the latter for our review.

Nor is it perceived that there was any error in the action of the court in rejecting parol evidence of the contents of the written contract between the defendant, M. B. Nickells, and Woodmansee, since it sufficiently appeared that said contract was in existence and that there was no notice given defendants or their attorneys to produce it. *Coffman v. Ins. Co.*, 57 Mo. App. 647.

The verdict and judgment in favor of Roberson against plaintiff, and the sureties upon his replevin bond, are erroneous. The latter should have been against the plaintiff for costs only. In other respects, it is unexceptionable. So far as it is in favor of Roberson, against the plaintiff and its sureties on the replevin bond, it will be reversed, and, in lieu thereof, a proper judgment entered up here in his favor, against the plaintiff for costs, and with this modification, the judgment, in its then entirety, will be affirmed. The costs of the appeal will be adjudged against defendants. All concur.