STANDARD OIL COMPANY, Respondent, v. MEYER BROS. DRUG COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1898.

1. **Fraudulent Sales**: INTENT NOT TO PAY: SCIENTER: CONFLICTING INSTRUCTIONS. If a purchaser buys without intending to pay, the burden is cast upon his vendee to show in a general way that he purchased in good faith for value, and then the original vendor should show knowledge of the fraud or facts to put an ordinarily prudent man upon inquiry, and in a close case conflicting instructions on such an issue are reversible error.

2. ———: ———: EVIDENCE. A purchaser charged with buying without intending to pay may, in a contest between his vendor and vendee, testify as to the intent with which the purchase was made.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

SALLEE & GOODMAN for appellant.

(1) Lindley should have been permitted to state the intention with which he purchased the goods constituting his stock. It was competent evidence and its weight was a question for the jury. Grocery Co. v. Ashton, 69 Mo. App. 463; Reid, Murdock & Co. v. Lloyd, 67 Mo.App. 513; Mannheim v. Harrington, 20 Mo. App. 297; Elliott's Appellate Procedure, sec. 670. (2) The

first three instructions given on behalf of the plaintiff are erroneous. Number 2 is especially vicious for the reasons, *first*, there is no evidence upon which to base it, and, *secondly*, if there was it is not the law as applicable to this case. The seller of goods on credit can not rescind the contract of sale and maintain replevin for the goods upon proof that the purchaser had at the time of the purchase no reasonable expectation of paying for same. Mannheim v. Harrington, 20 Mo. App. 297; Meyberg v. Jacobs, 40 Mo. App. 128; Shelley v. Boothe, 73 Mo. 74; Albert v. Bisil, 88 Mo. 150; Sexton v. Anderson, 95 Mo. 373; Alberger v. White, 117 Mo. 348; Frederick v. Allgaier, 88 Mo. 598; Holmes v. Braidwood, 82 Mo. 610.

ALESHIRE & BENSON and McCULLOUGH, PEERY & LYONS for respondent.

(1) The court did not err in refusing to permit defendant to ask Lindley whether he intended to defraud the persons from whom he bought the goods, bills for which were shown him. In such case the law is that his knowledge of such grossly insolvent condition is equivalent to an intent not to pay. Reid v. Lloyd, 52 Mo. App. 278, and cases cited. In any event, the exclusion of this evidence, under the circumstances shown in this record would not be ground for reversal of the judgment. State v. Hultz, 106 Mo. 41; Vawter v. Hultz, 112 Mo. loc. cit. 640; State v. Nelson, 118 Mo. 124. (2) The instructions for plaintiff stated correct propositions of law. They were amply supported by the evidence. They have all been directly approved in the following cases: Thomas v. Freligh, 9 Mo. App. 151; Price v. Lederer, 33 Mo. App. 426; Leedon v. Fur Co., 38 Mo. App. 435; Reid v. Lloyd, 52 Mo. App. 278; Strauss v. Hirsch, 63 Mo. App. 95;

Wingate v. Buhler, 62 Mo. App. 418; Blacker v. Ryan, 65 Mo. App. 230; Dry Goods Co. v. Jacobs, 66 Mo. App. 362.

SMITH, P. J.—This is an action of replevin which was brought to recover ten barrels of linseed oil. The plaintiff had judgment and defendant has appealed.

It appears from the evidence that one Lindley went into the retail drug business in August, 1895, and that in December following the goods in controversy were sold by the plaintiff to him on ninety days time. A variety of other goods were likewise purchased by him of jobbers in St. Louis and elsewhere, amongst which purchases were those made of Meyer Bros.' Drug Company, Nelson Paint Company and Reider Jewelry Company, amounting in the aggregate to $900. On February 5, 1896, Lindley executed to the bank of Stanberry and to one Sager two chattel mortgages covering his entire stock of goods to secure the payment of three notes for borrowed money aggregating $3,000. On the twenty-first day of said last named month the defendant acquired by purchase for value the said mortgage notes, and on the same day in consideration of the surrender and discharge of the same and the three other claims hereinbefore specially mentioned said Lindley sold and delivered to the defendant his entire stock of goods, including eight barrels and a half of the oil purchased by him of the plaintiff. The evidence tends to show that the value of the goods so sold to defendant did not exceed the amount of the several debts just specified. It also appears that when Lindley embarked in the drug business he did not invest therein more than something like $1,100, and that at the time of defendant's purchase his indebtedness was greatly in excess of his assets.

STATEMENT.

At the trial a number of instructions were requested evincing the theory upon which each party claimed the right to the possession of the goods. The first and second given for the plaintiff seem to be unobjectionable in enunciation, but not so with its third, which told the jury that although they believed from the evidence that the defendant Meyer Bros. Drug Company, bought the goods in controversy from the said J. S. Lindley and paid him a valuable consideration therefor by the surrender to him of his notes and other evidences of debt, yet if they further believed from the evidence that at the time of said purchase from said Lindley said defendant knew that said Lindley had purchased the same from plaintiff with the design of never paying for them, *or if the facts and circumstances surrounding the transaction were such that a man of ordinary prudence and caution would have suspected such fraud and been put upon inquiry, then, in either event, the said defendant would not be an innocent purchaser in good faith of said goods, nor entitled to hold the same as against the rights of the plaintiff.* The italicised portion of this instruction we think erroneous in expression.

It is the well established rule of law that where a purchaser buys goods on a credit *knowing at the time he is insolvent, not intending to pay for them at all,* the vendor may avoid the contract and reclaim them. Bidault v. Wales, 19 Mo. 36; s. c., 20 Mo. 550; Fox v. Webster, 46 Mo. 181; Mannheim v. Harrington, 20 Mo. App. 297; Herboth v. Gaal, 47 Mo. App. 255; Reid v. Lloyd, 52 Mo. App. 278; Strauss v. Hirsch, 63 Mo. App. 95; Wingate v. Buhler, 62 Mo. App. 418; Blacker v. Ryan, 65 Mo. App. 230; Dry Goods Co. v. Jacobs, 66 Mo. App. 362. If the evidence was sufficient to justify the inference th at Lindley purchased

FRAUDULENT sales: intent not to pay: scienter: conflicting instructions.

VOL. 74 app—29

the goods of plaintiff without intending to pay therefor the burden was then cast upon the defendant to show in a general way that it purchased in good faith and for value, after which it would be incumbent on plaintiff to show a state of circumstances justifying the inference that the defendant either *had knowledge of the intent with which the goods were purchased or a knowledge of facts sufficient to put an ordinary sagacious and prudent man upon his inquiry.* Reid v. Lloyd, 52 Mo. App. 278. It will be seen that this instruction leaves out of consideration the element of defendant's knowledge or, in other words, it in effect told the jury that if the facts and circumstances were such as that a man of ordinary prudence and caution would have suspected such fraud and been put upon inquiry that defendant was not an innocent purchaser in good faith, even though it was unaware of the existence of such vitiating facts and circumstances at the time of the purchase of Lindley.

It is true that the plaintiff's first instruction had told the jury that if Lindley had sold the goods to defendant in good faith and for a valuable consideration *without knowledge on the part of the defendant of the fraud of the former or without such facts coming to its knowledge as would put a man of common sagacity, care and prudence on his inquiry in regard thereto,* yet this does not cure the error in the plaintiff's third instruction. It is a well established rule of practice that where an instruction states the law upon a material point correctly and another instruction states it incorrectly the judgment will be reversed, since it can not be known whether the jury followed the correct or incorrect instruction. Mannheim v. Harrington, 20 Mo. App. 297; Berryman v. Cox, 73 Mo. App. 67.

This instruction might with propriety be regarded as harmless if it were not a sharply controverted

question of fact as to whether the defendant at the time of its purchase had *knowledge* of Lindley's fraud or had *knowledge* of such facts and circumstances as would put a man of ordinary sagacity and prudence on his inquiry.

No good reason is seen why Lindley in detailing in evidence the varied facts and circumstances relating to the purchase of his stock of goods may not have been permitted to testify as to the intent with which such purchases were made. This testimony might or might not have had some weight with the jury in determining the issue. We think it was at least competent and should have gone along with his other testimony to the jury.

*—:—:*
*evidence.*

The judgment is assailed on other grounds which have been considered and found untenable.

On account of the errors already mentioned the judgment will be reversed and cause remanded. All concur.