## Sanford *v.* Dodd.

### In the Court below,

JOHN DODD, *Plaintiff* ; BENJAMIN SANFORD, *Defendant.*

THIS was an action of *indebitatus assumpsit* for money had and received to the plaintiff's use.

The declaration stated, that the defendant, having bought of one *John Brown* the proportion of land granted, or to be granted to him, pursuant to a resolution of Congress, and an act of the legislature of New-York, making provision for officers and soldiers, who served in the army of the Uni-

*[margin note:]* 1807.

WHITTEL-SEY *v.* WOLCOTT.

*[margin note:]* Where a party has not received the thing contracted for, but a different thing which is of no value, he may recover the consideration paid, in an action of *indebitatus assumpsit* for money had and received.

ted States, in the late war, and having taken from him a deed of the same, with a power of attorney to receive a patent, made on the back of said deed, for the use of the plaintiff, a blank transfer of all his right to said land, for the consideration of $ 112 50 paid by the plaintiff to the defendant ; and the plaintiff afterwards sold said land to *James B. Clark,* and filled up the blank in the assignment with his name. The declaration then averred, that said *John Brown* was not the person, who served in the army, nor was he entitled to any land granted to the officers and soldiers, but the *John Brown* who actually served, and was entitled to the land, was another person ; all which the defendant, at the time of said sale to the plaintiff, well knew, and the plaintiff was wholly ignorant of.

The defendant pleaded *non assumpsit* ; and a verdict was found for the plaintiff.

The defendant then moved in arrest of judgment for the insufficiency of the declaration. This motion was overruled.

*Ingersoll* and *R. M. Sherman,* for the plaintiff in error.

The assignment of the deed and power of attorney constitutes the foundation of this action. There is nothing on the face of that instrument, which can subject the grantor, or assignor. It contained no warranty. Nor are any facts stated from which an *assumpsit* can be raised. There was no *contract,* other than the mere assignment ; nor was there any *fraud.* All that *Dodd* contracted for, was *John Brown's* title. *Sanford* was not obliged to communicate his knowledge, that it was defective. There might be a concealment consistently with perfect moral honesty. The whole ground of the plaintiff's complaint is, that he has taken a *quit-claim* deed, which conveyed *no interest. Non constat* but that the *land* itself was worth more than the considera-

tion paid. With regard to *personal* property, the asseveration of the vendor, that it is his, will not lay the foundation of an action, unless he is *in possession ;* and in that case, an asseveration of title amounts a *warranty.* (*a*) But it is otherwise with regard to *real* estate ; the owner of which is supposed to have some better title than possession. If the purchaser of real estate does not take a warranty, he must run the risk of the vendor's title : because, say the books, the thing being in the realty, he may look into the title, and there is no reason why he should have an action by the law, where he does not provide for himself. (*b*)

*Roswel* v. *Vaughan* was action of deceit. Actual fraud was alleged, and found by the jury ; but it was held, that the action lay not, because there was no *warranty* that the vendor had any right or title to sell. If that action would not lie, *a fortiori* an action of *assumpsit* to recover the consideration money would not.

Where the want of title has been so judicially determined, that there can be no further question about it, or where there has been a return of the thing contracted for, this action has been held to lie to recover back the consideration. But the question as to title must have been settled, because there can be no trial of *that* in this action ; and an action for the consideration is sustainable only on the ground, that the contract is disaffirmed, and at an end. This cannot be, so long as the purchaser retains the thing contracted for.

But if an action could be supported against *Sanford,* this action is brought by the wrong person. *Dodd* was not a party to the conveyance, or assignment. The assignment was in the first instance, left blank. This was nothing until filled up ; and then it was an assignment from *Sanford* to

(*a*) 1 *Salk.* 210, *Medina* v. *Stoughton.*
(*b*) *Cro. Jac.* 197, *Roswel* v. *Vaughan. Sugden's Law of Vendors* 315.

*Clark.* But what right of action can *Dodd* have against *Sanford*, because *Clark* has taken from *Sanford* a defective title? If any action will lie, it must be in favour of *Clark* against *Sanford.* The whole transaction, as it now appears, was between those persons.

It may be said, that this record shews a promise, which, after verdict, must be taken to be an express promise, in writing. But the law is now settled, (*c*) that there must be a consideration for a written promise no less than for a parol one; [to this *Daggett* assented] and if the facts in the case are insufficient to raise an implied promise, the same facts will be insufficient to make out a consideration for an express one.

*Daggett* for the defendant in error.

It is urged by the plaintiff in error,

1. That this is merely a bargain of hazard; and therefore that the maxim *caveat emptor* applies. It is insisted by the defendant in error, that the purchase money has been paid on a consideration which entirely fails; and that, therefore, upon established principles, an action will lie to recover it back.(*d*) The defendant might well believe, that he was purchasing under *John Brown,* a soldier in the army of the United States. He took the risque, it is admitted, that *John Brown,* the soldier, was entitled to any share or interest in the lands. Thus far, *caveat emptor* is applicable; but here was a total misconception about the person of *John Brown.* It is like the case of taking a deed from A. supposing him to be B. Such a misapprehension ought to avoid the contract. But this case is much more favourable to the plaintiff below, than cases of mere mistake. It is express-

(*c*) 7 *Term. Rep.* 350, *Rann* v. *Hughes,* n.
(*d*) 1 *Term. Rep.* 732, *Shove* v. *Webb.* 6 *Term Rep.* 606, *Cripps* v. *Reade. Doug.* 654, *Bree* v. *Holbech.*

ly alleged in the declaration, that *Sanford knew all the facts.* In this view, it is most unconscientious, that he should retain the money paid for the deed.

It is also said, that no deed was made to *Dodd,* the plaintiff; a blank was left for the name of another purchaser, and eventually filled up with the name of *Clark.* Be that as it may, *Dodd* purchased, and paid the money. This completes the injury, and gives him the the cause of action. How he adjusted the claim of *Clark,* in consequence of the failure of title, cannot be inquired in this suit ; it is *res inter alios acta.*

2. The judgment of the Superior Court is vindicable, on the ground, that the promise is now, after verdict, to be taken to have been express. To this the cases of *Atkins &* ux. v. *Hill* (e) and *Hawkes &* ux. v. *Saunders* (f) are pointed authorities. (g) Indeed, this is a principle too plain to be denied.

The only remaining question is, was there a consideration for this promise ? Now, any legal or moral obligation is a sufficient consideration to support an express promise. (h) In this case, the defendant below had received the money of the plaintiff for a deed from one *John Brown.* The defendant well knew that *Brown's* deed was of no worth ; of course, that he received the money without any good or valuable consideration. Upon the broad principles of equity, and the strict principles of law, the action is sustainaable.

BY THE COURT, unanimously.

The judgment was affirmed.

(e) *Cowp.* 284.

(f) *Ibid.* 289.

(g) This was admitted to be law, by Chief Justice MARSHALL, in the case of *The Insurance Company of Alexandria* v. *Young,* 1 *Cranch* 341.

(h) *Cowp.* 290.