Curia.

When the contract between Spring and Cole was rescinded, its whole effect ceased; it was annihilated. The property remained the plaintiffs’ absolutely, and was discharged from any supposed lien on the part of Salter. As he knew all the [ * 34 ] facts, the sale by him to the * defendant was fraudulent, and nothing passed by it. If the defendant has paid the note, which was the consideration for the sale, he has his remedy against Salter for the money, as paid for a consideration which has failed. The plaintiffs may enter judgment on the verdict.
ADDITIONAL NOTE.
[As to the possession and claim of title necessary to a lien, see Wheeler vs. M'Farland, 10 Wend. 318.— Saltus vs. Everett, 20 Wend. 267. — M'Farland vs. Wheeler, 26 Wend. 467. — Bryce vs. Brooks, Ibid. 367. — Lloyd vs. Holly, 8 Conn. 491. — Townsend vs. Newell, 14 Pick. 332. — Buxton vs. Baughan, 6 C. P. 674.
The rescinding of a contract restores the parties to their former rights, and places them as they were before the contract was made. — Griffith vs. Fred. Co. &c., 6 Gill & J. 424. — F. H.]