Beckner v. Willson et al.

---

## BECKNER v. WILLSON ET AL.

PROMISSORY NOTE:— *Want of Consideration.*—*Fraud.*—A. signed a paper which proved to be a promissory note, governed by the law merchant, and payable to B. The note was without consideration, as between the parties thereto. B. transferred the note, together with a similar note executed by D., to C., in exchange for certain personal property. Subsequently, A. was induced by C. to take up his original note, and substitute another therefor payable to C. Afterward the latter discovered that D.'s note transferred to him was forged, and he rescinded his contract of exchange with B., and took back the personal property given for the two notes.

*Held*, in a suit by C. against A., upon the note substituted for the original note, that the note sued upon was without consideration, and that C. can not recover.

From the Rush Circuit Court.

Beckner *v.* Willson *et al.*

*L. Sexton* and *C. Cambern*, for appellant.
*G. B. Sleeth*, for appellees.

Worden, J.—Complaint by Willson against Beckner, upon a promissory note, executed by the latter to the former, for the sum of three hundred dollars, payable six months after date.

The defendant answered in four paragraphs, to which demurrers for want of sufficient facts were sustained ; and, the defendant declining to amend or answer further, final judgment was rendered for the plaintiff.

Error is assigned upon the ruling of the court in sustaining the demurrers to the several paragraphs of answer. These paragraphs were all lengthy, and need not be here set out. We, however, set out the third, which seems to us to have been good ; but, as to the others, we can not say that the demurrers to them were not correctly sustained. The third paragraph was as follows :

"For further and third answer to the complaint, defendant says he admits the execution of the note therein named, but defendant says the same was given as a substitute for and renewal of the note, of which the following is a copy, and for no other or different consideration whatever :

" '.............   ............

⋮ 10 Ct. ⋮   ⋮ 5 Ct. ⋮
⋮ R. Stp. ⋮   ⋮ R. Stp. ⋮   Burlington, Jany. 9th, 1871.
 ............   ............

" '—— months after date, promise to pay to the order of Cincinnati Metallic Cement Company, at the office of the Rush County Banking Company, three hundred dollars, for value received, without any relief whatever from valuation or appraisement laws. If this note be collected by suit, the judgment shall include a reasonable fee for plaintiff's attorneys, and shall bear ten per cent. interest.
" 'H. W. Beckner.'

" That said note was defective on its face in this, to wit, that it did not, with reasonable certainty, fix the time when said note fell due ; that said note was procured by the payee thereof from defendant by fraud, in this, to wit: That, upon the pretence of the agent of the payee of said note that he was making out to be signed by defendant an order on the payee of said note for six hundred pounds of the cement fraudulently represented to be prepared and sold by the payee of said note, the said pretended order was secretly and by some sleight of hand unknown to defendant withdrawn after the same had been carefully read over by the defendant, and the said note substituted instead thereof, and signed by the defendant in the belief that he was signing only an order, and not a note, and the same was taken away by said payee's agent without the knowledge or consent of defendant, or without any knowledge on his part that he had executed such note, or without any intention on his part to execute said note ; that afterward, on the same day, the agent of the payee of said note exchanged said note, together with one for a similar amount and of about the same date, signed by Wm. M. McCoy, procured from said McCoy by a similar fraud, or by the forgery of the said payee's agent, to the plaintiff, for the following described personal property, to wit: One buggy, one whip, one pair of bay mares, an account against the agent of said payee for a livery bill of twenty-two dollars, and cash twenty-five dollars, all of which was by said plaintiff at the time of said exchange delivered to the agents of the payee of said fraudulent notes, and the said fraudulent notes at the same time by said agents endorsed and delivered to the plaintiff; that afterward, on the same day, at plaintiff's request, and because defendant's said fraudulent note did not specify the time when said note became due, and because plaintiff represented to defendant that, in purchasing the same

from said agents, it was by them represented to him that said fraudulent note of defendant was in-fact to be due in six months, and in consideration that plaintiff had delivered the personal property aforesaid in exchange for said note, the defendant was induced to take up said fraudulent note, and give the note named in the complaint, but he denies that the same was given for any new or other consideration than that herein stated, or for any valuable thing received by defendant from plaintiff or the payee of said fraudulent note; and the defendant says, that after the execution of the said note to plaintiff by defendant as aforesaid, to wit, on the —— day of January, 1871, the plaintiff discovered that the note of said McCoy, so given with said defendant's said fraudulent note in exchange for said personal property, was forged and counterfeit, and therefore said plaintiff rescinded said contract of exchange for said note and property, and pursued after the said agents of the payees of said fraudulent notes, following and overtaking them at Laurel, in Franklin county, Indiana, and again took into his possession the said personal property so given in exchange for said fraudulent notes, and brought the same back with him to Rush county, where he still keeps, owns and uses the said property as his own, which said rescission of said exchange of said notes for said personal property was afterward, by the said agents of the payees, consented to, and the bill of sale given by plaintiff with said property to said agents, by them returned to plaintiff and accepted by him. Wherefore defendant says the consideration of the note named in the complaint has wholly failed, and he prays judgment for costs."

It seems to us to be clear that the facts thus alleged show an entire failure of the consideration for which the note in suit was executed, and it would be manifestly inequitable for the plaintiff to recover, if the facts alleged are true.

According to the case stated, the defendant had executed to the Cincinnati Metallic Cement Company a paper which turned out to be a promissory note for the payment of the sum of three hundred dollars, governed by the law merchant. For this note there was no consideration, though it might have been good in the hands of a *bona fide* holder for value. The plaintiff became the endorsee thereof for value, and we assume, for the purposes of the decision, that he could have recovered against the defendant on that note. There was, as has been seen, no consideration for the original note; and the consideration for the note in suit was the surrender by the plaintiff to the defendant of the original note. The plaintiff thus gave up a right of action against the defenda: ¬pon the original note, and the right to fall back upon m.. endorser in case of non-payment by the defendant. But the plaintiff acquired the rights which he thus surrendered when he gave up the original note and took the one in suit, solely by his contract with the cement company, through its agents, and the endorsement of the ·note to himself. Then, when he and the cement company rescinded that contract, the plaintiff placed himself in the same situation, in respect to the defendant as well as the cement company, as if he had never purchased the original note from the company.

To state the matter a little differently, the plaintiff had no claim upon the original note, either against the defendant or the cement company, except such as he acquired by the endorsement of the note to himself, and, when the contract was rescinded between him and the company, he was divested of any right acquired by the endorsement of the note to himself; and, hence, the consideration for which the note in suit was executed utterly failed. It can make no difference that, upon the rescission of the contract, the original note was not surrendered to the cement company, as, in its hands, it was worthless.

The following cases may be consulted upon questions involving a failure of consideration : *Moses* v. *Macferlan*, 2 Burr. 1,005 ; *Sanford* v. *Dodd,* 2 Day, 437 ; *Spring* v. *Coffin,* 10 Mass. 31 ; *Woodward* v. *Cowing*, 13 Mass. 216 ; *Lacoste* v. *Flotard*, 1 Mill, S. C. 467; *Wharton* v. *O'Harra*, 2 Nott & McCord, 64 ; *Boyd* v. *Anderson*, 1 Overt. 437 ; *Colville* v. *Besley*, 2 Denio, 139 ; *Pettibone* v. *Roberts*, 2 Root, 258.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the third paragraph of the answer, and for further proceedings.

It is ordered that this judgment be entered as of the term at which the cause was submitted.