F. J. KLOES *et al.*, Respondents, v. WURMSER & LOUIS, Appellants.

### Kansas City Court of Appeals, March 4, 1889.

1. **Evidence:** ADMISSIBILITY OF LETTER: PROOF OF EXECUTION NECESSARY TO. At the trial a letter was read aloud in the presence and hearing of the book-keeper of the firm whose business it was to write letters for the firm, and he on the stand, in effect, admitted that he wrote the letter, "if 'J.' was signed to it;" and "J." was signed to it. This was a sufficient identification to admit the letter in evidence.

2. ———: RECEIPT OF LETTER BY MAIL. In the absence of proof of handwriting, the fact, that the letter was shown to have been received by mail in reply to a postal card sent by mail, would authorize its admission in evidence.

3. **Contract of Sale:** RESCISSION OF, WHILE GOODS IN TRANSIT, RE-INVESTS VENDOR WITH TITLE; PURCHASER OF VENDEE. A vendee, then insolvent, while the goods were in transit, wrote his vendor rescinding the sale, to which the vendor assented, *held*, the title to the goods was re-invested in the vendor, even against the purchaser of the vendee without knowledge of the facts.

4. **Practice:** DECLARATION, OR, FINDING OF COURT CONTAINING LEGAL CONCLUSION AND UNNECESSARY FINDING OF THE FACT, NOT FATAL, WHEN. In an action by the vendor against the purchaser of the vendee, a finding of fact and declaration of law by the court trying the case without a jury containing a legal conclusion that the title was in the vendor at the time of defendants' purchase, and also the unnecessary finding of fact that the sale was fraudulent to the knowledge of the defendants is not fatal error, where it is evident the court found the rescission of the contract and was invited into the finding as to the good or bad faith in the purchase by the answer and evidence of the defendants, and where the entire record shows a fair trial and judgment for the right party.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

Statement of the case.

This is an action of replevin for about five hundred dollars worth of window shades. The parties concerned are, plaintiffs Kloes & Co., manufacturers of window shades, etc., New York City, defendants Wurmser & Louis, dealers in house furnishing goods, etc., at Kansas City, George Louis & Co., like dealers at Omaha, Nebraska, until about the time this controversy arose when said Omaha firm sold out their entire stock to the Kansas City firm. It seems that George Louis & Co. at Omaha contracted with plaintiff for the goods in August, 1886, with the understanding that they should be sent out to Omaha in about thirty days.

On September 14, the New York firm (the plaintiffs) advised the Omaha firm that the goods would be shipped in a few days, and they were shipped September 17. On September 19, two days after shipping the goods, plaintiffs received a letter purporting to be from the Omaha concern, in effect cancelling the order.

The alleged letter is as follows :

"OMAHA, NEB., Sept. 16, 1886.

"*Messrs. F. J. Kloes & Co.*, 173 *Canal Street, New York City.*

"GENTLEMEN :—Your P. C., Sept. 14, to hand. Do not ship goods, as we have just placed our order elsewhere.

" Yours truly,

" GEORGE LOUIS & Co.—J."

Plaintiffs accepted this letter as a rescission of the contract of purchase and forthwith directed their traveling salesman in the west to stop at Omaha and take possession of the shades, shortly thereafrer said agent of the plaintiffs stopped at Omaha, went to the store of George Louis & Co., and demanded the goods, but was met with the answer that the whole

Omaha stock had been sold and delivered to defendants at Kansas City—the shades in controversy going along with the balance of the stock amounting in the aggregate to about twenty-two thousand dollars. Plaintiffs thereupon applied to defendants for the shades, and being refused, immediately instituted this suit. A trial was had before the court, sitting as a jury, judgment for plaintiffs, and the defendants appealed to this court.

*Henry Wollman* and *J. M. Gregory*, for appellants.

The grossest error in this case was in the admission of the letter purporting to have been written by George Louis & Co. to plaintiffs. That it was necessary to show the genuineness of this letter before it could be read in evidence. *State v. Grant*, 74 Mo. 36. The defendants were entitled to have the court make declarations of the principles of law involved in the controversy. *Harrison v. School District*, 89 Mo. 186.

*W. B. Teasdale*, for respondents.

The letter from George Louis & Co., rescinding the order, is competent and is sufficiently identified under an exception to the rule requiring proof of handwriting which exception is, "in case of letters received in reply to others, proved to have been sent to the party." 1 Greenl. Ev. (14 Ed.) sec. 573, p. 669. Where the buyer has become insolvent after his purchase, he has the right to rescind the contract with the assent of his vendor, while the goods are still liable to stoppage, and then the subsequent delivery of the goods into the buyer's possession cannot affect the vendor's rights, because the property in the goods will not be in the buyer. Benj. on Sale (4 Am. Ed.) sec. 858, p. 981; *Lane v. Jackson*, 5 Mass. 152; *Spring v. Coffin*, 10 Mass. 31. If the sale by plaintiff to Louis & Co.

was rescinded, as we claim it was, then Louis & Co. could pass no title to defendants, no matter how innocent defendants may have been. Louis & Co. having no title, defendants could get none. *Wilson v. Crockett*, 43 Mo. 216; *Ober v. Carson*, 62 Mo. 214; *Cahn v. Reid*, 18 Mo. App. 123; 2 Pars. on Cont. (7 Ed.) p. 812.

GILL, J.—I. The principal matter complained of, in the trial before the circuit court, is the admission of the letter of Louis & Co., Omaha, above quoted, and upon which plaintiffs relied as a rescission of the contract of purchase. It is claimed that the letter was not sufficiently identified—that there was no proof of its execution.

It seems that at the trial the letter was read aloud, and in the presence and hearing of one Jones, who was the book-keeper of Louis & Co., and whose business it was to write letters for the firm, and Jones on the stand, in effect, admitted that he wrote the letter, "if 'J' is signed to it." It would seem such evidence was sufficient to identify the letter as "J" was signed to it. Anyhow, in the absence even of the proof of the hand-writing of the letter, it was admissible in evidence as it was shown to have been received, by mail, in reply to the postal card sent by mail to Louis & Co. on September 14, 1886. 1 Greenl. Ev. (14 Ed.) sec. 573a., p. 669.

II. Now it is clear from the evidence that this letter, countermanding the order for the shades, was received by the plaintiffs, and the rescission assented to by them, while the goods were in transit, and before their arrival at Omaha.

The insolvency too of Louis & Co. at that time is clearly established. It follows, then, that by this rescission, the title to the shades reinvested in the plaintiffs, and they had the right to reclaim them, even

as against one occupying the station of a purchaser ignorant of the facts. Benj. on Sales, secs. 858, 498, etc.; *Spring v. Coffin*, 10 Mass. 31; *Wilson v. Crockett*, 43 Mo. 216.

III. Further objection is made by appellants' counsel to the court's "declaration of law" or "finding of facts."

It appears in the record as follows:

"The court, sitting as a jury, finds from the evidence in this case that the goods in controversy were the property of plaintiffs at the time the defendants bought the same at Omaha, and that at the time of such purchase from Louis & Co., said Louis & Co. were in failing circumstances, and sold their said stock of goods at Omaha for the purpose of cheating, hindering and delaying their creditors, and that at the time defendants bought said goods they had notice of such intention and purpose on the part of said Louis & Co., and are not innocent purchasers of the goods in controversy, and on these facts the court declares the law to be that plaintiffs ought to recover the possession of the goods in controversy, and one cent damage." It is true that the court, in the body of this declaration, or finding, has asserted a mere legal conclusion, when it is found "that the goods in controversy were the property of plaintiffs at the time the defendants bought the same at Omaha," and, as we conceive it, the court made unnecessarily a finding as to the good or bad faith of defendants in the purchase; for, as the court evidently found a *rescission* and consequent investment of title in plaintiffs, the good or bad faith of defendants in their purchase from Louis & Co. was immaterial. However since defendants invited the action, by declaring good faith in the answer, and much evidence on this issue was adduced at the trial, no serious fault can be charged to the court for deciding such issue of defendants' good or bad faith.

We have examined the entire record, and have read all the evidence introduced, and gather therefrom that the case was fairly tried and judgment had for the right party.

Judgment affirmed.    The other judges concur.