IDA B. LINN, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, January 16, 1899.

1. **Trial Practice:** PRODUCTION OF PAPER: REASONABLENESS OF NOTICE: SECONDARY EVIDENCE. A notice to produce a letter given the day before its production is necessary, is insufficient where the home office of one party is in a distant state and will not warrant the introduction of evidence as to the contents thereof.

2. **Evidence:** CONTENTS OF REPLY LETTERS: SIGNATURE TO LOST LETTERS. The contents of reply letters are not competent evidence where there is no proper proof of the existence of the letter to which they purport to reply without first establishing the genuineness of the signatures of the alleged reply letters.

3. **Life Insurance:** BENEFICIARY: ASSIGNEE: NEW YORK STATUTORY NOTICE. The notice calling attention to the failure to pay a premium when due required by the New York statute should be addressed to the assured or the assignee of the policy and not to the beneficiary for whose benefit the policy was originally taken out, and such beneficiary is not an assignee within the meaning of the statute.

4. ———: WAIVER: EVIDENCE. On review of the evidence in this case it is held that there was no waiver of the forfeiture of the policy by failure to pay the premiums according to its terms.

*Appeal from the Cass Circuit Court.*—Hon. W. W. Wood, Judge.

AFFIRMED.

Geo. B. Strother for appellant.

(1) "If there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency." Twohey v. Fruin, 96 Mo. 104-109; Charles v. Patch, 87 Mo. 450-462 "In passing upon a demur to the evidence, the court is required to make every inference of fact in favor of the party offering the evidence which a jury might, with any appearance of propriety, have inferred in his favor." Buesching v. Gaslight Co., 73 Mo. 219-231; Ecton v. Ins. Co., 32 Mo. App. 53-59; Fisher v. Railway, 23 Mo. App. 201; Hanna v. Ins. Co., 56 Mo. App. 582-585; Smith v. Hutchinson, 83 Mo. 690; Donohue v. Railroad, 91 Mo. 357-360; Twohey v. Fruin, 96 Mo. 105-109; Davis v. Clark, 40 Mo. App. 515-520; George v. Railroad, 40 Mo. App. 433-441; Berry v. Railroad, 124 Mo. 223, 245. (2) As corporations act exclusively by or through agents, their acts

bind the companies; they can waive any condition in a policy, and in any manner that suits the agent. He is the visible representative of the company. It has been repeatedly held that he can bind the companies although it may be contrary to his special instructions. "He can waive the clause denying his authority as well as any other clause. If such a clause is untrue or insincere, there is certainly no sanctity attaching." Richards on Ins., pp. 91, 92. "Slight acts are sufficient to prove a waiver where a forfeiture can be declared or not as self interest dictates." Hanley v. Ins. Co., 4 Mo. App. 258; 69 Mo. 380; Thompson v. Ins. Co., 52 Mo. 469, and cases hereinafter cited; Homer v. Ins. Co., 67 N. Y. 482; Dallber v. Ins. Co., 76 N. Y. 576. (3) The law in many cases and equity in all cases discharges the forfeiture in life insurance. The court should be liberal in construing the transaction in favor of avoiding the forfeiture. Ins. Co. v. Norton, 96 U. S. 234; DeFrece v. Ins. Co., 136 N. Y. 144, 157; Leslie v. Ins. Co., 63 N. Y. 34; Myers v. Ins. Co., 73 N. Y. 516; Wyman v. Ins. Co. 119 N. Y. 274; Atty. Gen. v. Ins. Co., 33 Hun. (N.Y.) 141; Ins. Co. v. Wolff, 95 U. S. 326; Ins. Co., v. Eggleston, 96 U. S. 577; Ins. Co. .v. Doster, 106 U. S. 37; Helm v. Ins. Co., 61 Penn. 207; Rowe v. Ins. Co., 16 Miscellaneous (N. Y.) 323-329; Titus v. Ins. Co., 81 N. Y. 419. A general agent can waive a forfeiture of prompt payment of premium. May on Ins. [2 Ed.] 136; Marcus v. Ins. Co., 68 N. Y. 625; Dillber v. Ins. Co., 76 N. Y. 572; Steen v. Ins. Co., 89 N. Y. 326; Ruggles v. Ins. Co., 114 N. Y. 415; Richards on Ins., sec. 73; Ins. Co. v. Norton, 96 U. S. 234; Hanna v. Ins. Co., 56 Mo. App. 582, 587; Cromwell v. Ins. Co., 47 Mo. App. 109; Richards on Ins., pp. 89, 90; Wyman v. Ins. Co., 119 N. Y. 274; 7 Am. and Eng. Ency. of Law [1 Ed.], p. 32. "Neither is there any impediment to waiving a stipulation as to waiver." Anthony v. Ins. Co., 48 Mo. App. 73; Barnard v. Ins. Co., 38 Mo. App. 113; Oakey v. Ins. Co., 29 Mo. App. 114; Porter v.

Ins. Co., 62 Mo. App. 530. (4) The company by question (7) in application, asks, "To whom is the insurance applied for to be payable in the event of death (name in full)?" "Ida B. Linn." "Relationship to you?" "Wife." This is an assignment and a notice to the company of the assignment. It is an assignment at its inception. The insurance company so recognized it as an assignment because they made insurance payable to her in compliance with said notice. May on Ins. [3 Ed.], sec. 399; Hanna v. Ins. Co., 56 Mo. App. 582-585; Session Act of N. Y. 1892, sec. 92; DeFrece v. Ins. Co., 136 N. Y. 144, 151; Hannum v. Waddill, 135 Mo. 153, 156; Classey v. Ins. Co., 84 Hun. 350; Rowe v. Ins. Co., *supra;* Act of 1879, ch. 248; also R. S. 1889, sec. 5854; Spencer v. Ins. Co., 150 N. Y. 269; Phelan v. Ins. Co., 113 N. Y. 147; Carter v. Ins. Co., 110 N. Y. 15; Atty. Gen. v. Ins. Co., 33 Hun. 138; Whitehead v. Ins. Co., 102 N. Y. 143; Leslie v. Ins. Co., 119 N. Y. 27; Baxter v. Ins. Co., 119 N. Y. 450; Mulroy v. Ins. Co., 28 Mo. App. 463, 474.

F. N. Judson for respondent.

(1) There was no evidence of the alleged waiver to submit to the jury. Under the policy sued on the limitation upon the authority of agents was expressly brought home to the insured. The power to waive forfeiture was expressly limited to certain named officers. Such a limitation in the policies of this company was held valid by the supreme court of the United States in Fletcher v. Company, 117 U. S. 519; Wolf v. Ins. Co., 1 Mo. App. Rep. 310. There is nothing in the recent case of Nickell v. Ins. Co., 144 Mo. 420, denying or questioning the validity of such specific limitation. (2) There was no evidence whatever of waiver of forfeitures by an authorized officer of the company. Lantz v. Ins. Co., 139 Pa. 546; 21 Atlantic Rep.

80; Marvin v. Ins. Co., 85 N. Y. 278; Morrow v. Ins. Co., 84 Iowa, 256; 2 Beach on Insurance, secs. 975, 998 and 999. (3) The contents of the alleged lost letters were properly excluded. There was no evidence whatever that they were written by officers authorized to waive forfeitures, or even as to names of the writers, or as to genuineness of the signatures to the alleged lost letters. Perry's Adm'r v. Roberts, 17 Mo. 36; Holman v. Bachus, 24 Mo. App. 629; Hope v. Blair, 105 Mo. 96; Hendricks v. Whitecotton, 60 Mo. App. 671; Thayer's Leading Cases on Evidence, p. 750; Bane v. State, 86 Ga. 108; Nicholls v. Kingdom Co., 56 N. Y. 618. (4) There was no evidence whatever, therefore, of the alleged waiver. Conceding that jurors may draw inferences from established facts, in the case at bar, recovery could only be based upon conjectures, as distinguished from logical deductions from established facts, and such a case is never submitted to the jury. Stokes v. Burns, 132 Mo. 214; Leonard v. Railroad, 68 Mo. App. 48. (5) Apart from the foregoing there is no evidence whatever that the premium was ever paid or tendered. It was not even tendered at the trial. This fact alone is fatal to recovery. Thompson v. Ins. Co., 104 U. S. 252; Ins. Co. v. Unsell, 144 U. S. 439. (6) There is no merit whatever in the contention that the notice should have been given to the beneficiary, the plaintiff, instead of the insured. The case relied upon by appellant, Rowe v. Ins. Co., 16 Misc. (N. Y.) 383, was reversed on appeal. Rowe v. Ins. Co., 11 App. Div. Rep. Sup. Court, 532.

SMITH, P. J.—This is a suit upon a policy of life insurance issued by the defendant company upon the life of Cambridge Linn, the husband of plaintiff, STATEMENT. payable to plaintiff, in the sum of $2,000. The policy was issued January 29, 1895, and was conditioned upon the payment of an annual premium of $57.60.

It further provided that failure to pay this annual premium would forfeit the policy, subject to a grace of one month, within which time the aforesaid premium would be accepted if paid with interest at the rate of five per cent, the policy to be continued in force during this month of grace. Only *one* annual premium, the first, was paid; default being made in the payment of the premium due January 29, 1896, which was admittedly not paid or tendered when due, nor in the month of grace thereafter, nor at any time, and the insured, Cambridge Linn, died on the eighteenth day of July, 1896. The defendant refusing payment, suit was instituted on the policy. The petition as originally framed simply sets forth compliance with the conditions of the policy and that the policy was in force at the date of the death of the insured.

The answer set out the forfeiture of the policy on account of default in the payment of the second annual premium, and further alleged that due notice under the laws of New York had been given of the maturity of said premium, and notifying Linn that the policy would be forfeited if the premium was not paid.

No tender of the unpaid premium was made by the plaintiff, either in the petition or on the trial, or at any time. The policy further provided: "A grace of one month will be allowed in the payment of subsequent premiums after this policy shall have been in force three months, subject to an interest charge at the rate of five per cent per annum for the number of days during which the premium remains due and unpaid. During the month of grace this policy remains in force, and the unpaid premium, with the interest as above, remains an indebtedness to the company, which will be deducted from the amount payable under this policy if the death of the insured shall occur during the month.

"This policy will be reinstated on written application therefor within six months after the non-payment of any

premium, subject to evidence of good health satisfactory to the company and payment of premiums to date of reinstatement, with interest at the rate of five per cent per annum."

The statute of New York pleaded is as follows: "No life insurance corporation doing business in this state shall declare forfeited, or lapsed, any policy hereafter issued or renewed (and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less), nor shall any such policy be forfeited or lapsed by reason of nonpayment, when due, of any premium, interest or instalment, or any portion thereof, required by the terms of the policy to be paid, unless a written or printed notice, stating the amount of such premium, interest, instalment or any portion thereof, due on such policy, required by the terms of the policy to be paid, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known postoffice address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state, that unless such premium, interest, instalment or portion thereof, then due shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due the policy and all the payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy, as in this chapter provided.

"If the payment demanded by such notice shall be made within the time limited therefor it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment, and no such policy shall

in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. The *affidavit of any officer,* clerk or agent of the corporation or of any one authorized to mail such notice that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given." New York Statute, vol. 2, p. 1972, chap. 690, sec. 92.

Mr. Wood testified that he was the cashier of the Kansas Branch of the defendant, authorized to mail notices of premiums, and that in the month of December, 1895, at least fifteen days and not more than forty-five days prior to the date when the premium was due, the notice, copy of which was given in evidence, was duly addressed and mailed to the insured, Cambridge Linn, at his last known postoffice address, such notice being mailed, postage prepaid. The notice warned the insured that the premium would be due January 29, 1896, and that in default of payment the policy would be forfeited. The notice also contained the following: "Please notify the branch office to which you pay your premium of any error or change of your postoffice address, in writing, giving the numbers of each policy now held by you. Please fill in the name and correct address."

In this connection, defendant also offered in evidence another notice sent by S. B. Wood from Kansas City, dated February 1, 1896, and addressed to Mr. C. Linn, Stilwell, Kansas, that being his residence when policy was issued. This notice having been sent out in the usual course of business on that date, duly stamped, and at that date Mr. Wood testified that he had never heard of the removal of the insured, Cambridge Linn, from Stilwell, Kansas. This letter thus mailed was returned not delivered by the postoffice to Mr. Wood. This notice reminded the insured that his premium was still unpaid and that it must include

five per cent interest from maturity and that his last day of grace was February 29, 1896.

Mr. Wood again wrote to Cambridge Linn, the insured, at Stilwell, Kansas. This letter was not returned, although the envelope contained the usual return notice stamped thereon. It was as follows:

"Kansas City, Mo., February 19, 1896.

"Mr. Cambridge Linn, Stilwell, Kansas:

"Dear Sir:—I notice the annual premium of $57.60, due January 29, on your policy, No. 659,821, is still unpaid. I presume that you are merely taking advantage of the one month's grace which is allowed by the company in which to make payment. As I have heard nothing from you on the subject I take the liberty of writing you a personal letter. If you have anything in mind other than continuing the insurance with us, will you kindly let us hear from you, as I may be of some service to you in the matter.

"Yours truly,

"Kansas Branch Office,

"S. B. Wood, Cashier."

Mr. Wood again wrote the following letter of March 4, 1896, which was duly mailed, stamped and addressed to the insured at Stilwell, Kansas, and was not returned:

"Kansas City, Mo., March 4, 1896.

"Mr. C. E. Linn, Stilwell, Kansas.    Re. policy 659, 821:

"Dear Sir—The above policy lapsed owing to your failure to pay premium, with grace carrying it to February 29th. Please advise me *if it would suit you* to reinstate the policy if we would accept one-tenth of the premium now due, $5.76, and give you until July next in which to pay the remainder.        Yours truly,

"Kansas Branch Office,

"———————— Cashier."

This last letter was forwarded and received by Cambridge Linn, who thereupon sent the following *answer,* which was admitted to be in the handwriting of *plaintiff:*

"Glendale, Arizona, March 12, 1896.
"S. B. Head (Wood), Kansas City;

"Dear Sir:—Your missive received. As you see we have left Kansas. Owing to my wife's health was most obliged to leave, and under circumstances am not with means to keep said policy paid. Am truly sorry *I have to let it lapse,* as I like the company and think it good investment. *Your offer was very kind,* though fear I could not make July payment.			Yours very truly,

"Cambridge Linn,
"Glendale, Arizona."

Plaintiff read in evidence a letter received from the third vice-president of the company in New York, dated March 19, 1896, which again called the attention of the assured to the fact that his policy had lapsed by reason of his nonpayment of the premium and requesting him to suggest some way by which defendant could assist him in keeping his policy in force.

The court permitted the plaintiff to testify that she answered that letter saying that he, her husband, would try to pay the premium towards fall, and that they were coming back to Missouri. She kept no copy of this letter.

An effort was made by plaintiff to show the contents of two letters said to have been received after this time from some officials at the home office of the company. The only evidence offered of this was that of Mrs. Linn, the plaintiff, the wife of the deceased, the beneficiary in the policy, and one Lee Muir, but neither could testify as to the genuineness of the signatures of the alleged lost letters or even as to the names of the writers. The court ruled that in the absence of testimony as to *who signed the letters* and the *genuineness* of the signatures, the testimony as to the contents of the alleged lost letters was not admissible. One of

these alleged lost letters was said to have been dated in April, and the other July 15 and received after Mr. Linn's death, which occurred on the eighteenth of July.

There was *no other evidence* of the alleged waiver. The premium was admittedly not paid, nor was any tender of payment made by plaintiff on the trial or at any other time. At the close of the testimony the court gave an instruction that plaintiff was not entitled to recover. Whereupon plaintiff took a nonsuit with leave, and appeal was perfected from the overruling of the motion to set aside the same.

The plaintiff complains of the action of the trial court in rejecting her offer to testify to the contents of two letters claimed by her to have been received from defendant—but lost—in reply to a letter written to it by her husband. The latter letter was not produced, nor was the defendant given any reasonable notice to produce the same. It is true that on the day of the trial plaintiff's counsel stated to the court that he was not positive but was inclined to think that on the day previous he had requested of defendant's counsel the production of the letter, but even this was controverted; but if it be conceded that such notice was given, it was not at all reasonable. The defendant's home office, where the alleged letter must be presumed to have been kept, was in New York City. It was not in the custody of its counsel at the place of trial and most manifestly one day's notice to produce it under such circumstances was most unreasonable. No foundation was therefore laid for the introduction of secondary evidence of the contents of such letter. Hoffman v. Ins. Co., 57 Mo. App. 647; Sheehan v. Ins. Co., 53 Mo. App. 351. Therefore, the rule invoked by the plaintiff to the effect that proof of handwriting may be dispensed with in those cases where letters are received in reply to others

TRIAL practice: production of paper: reasonableness of notice: secondary evidence.

proved to have been sent to the party (1 Greenleaf's Ev. [14 Ed.], sec. 573a, p. 669; EVIDENCE: contents of reply Kloes v. Wurmser, 34 Mo. App. 453) can have letters: signature to lost no application to a case of this kind. Unless letters. plaintiff had made proper proof, which she did not, of the letter of her husband to defendant, it was not competent for her to testify as to the contents of his two reply letters, alleged by her to have been lost, without first establishing the genuineness of the signatures thereto. Perry v. Roberts, 17 Mo. 36; Holman' v. Backus, 24 Mo. App. 629. It follows from this that the plaintiff's complaint in this regard is groundless.

The plaintiff further objects that the defendant failed to give the notice required by the terms of the New York statute already quoted and that therefore the policy was not forfeited. As previously stated, the notice, was to plaintiff's husband, was sufficient in form and substance and was given in the time and manner required by said statute, but it is insisted that the notice, to be of any avail to defendant, should have been addressed to plaintiff herself and not to her husband, since she was the assignee of the policy. The said statute requires that the notice "shall be duly addressed and mailed to the person whose life is insured, or to the assignee of the policy."

But was plaintiff the assignee of the policy? Her husband had applied for and obtained the policy. He paid the first premium and obligated himself to pay the other nineteen annual premiums as they became due, if he lived so long. He named the plaintiff as the beneficiary thereon. Was she beneficiary or assignee of the policy within the meaing of the statute?

The plaintiff's insistence is that she was the latter; and in support of this cites us to Rowe v. Ins. Co., 16 Miscellaneous (N. Y.), 323, decided by one of the judges of the

supreme court at a trial term, but this case was subsequently disapproved by the appellate division of the Fourth Department of that court as may be seen by reference to 11 App. Rep. Sup. Ct. (N. Y.), p. 533.

In the case just referred to the wife had taken out a policy on the life of her husband payable to herself. She paid the first premium and by the terms of the policy was to pay the other premiums as they became due. There was a failure to pay several annual payments. After the death of the husband the insurance company refused to pay the policy, claiming that it was forfeited by reason of the non-payment of the annual premiums. The plaintiff insisted that the policy did not become forfeited for the reason that the company had not given the notice required by the statute in such cases. It appeared that the notice had been given to the husband and not the wife. It was ruled by the appellate division of the court that the statute required notice to be given to the *assured,* and that the plaintiff's husband to whom the notice was given was the assured. The statute, it seems to us, is clear and explicit and requires the notice to be given to the assured or, in case of assignment of the policy, to the assignee.

The object of the notice is to remind the assured of the privilege he possesses of electing to have the contract continued and extended over the ensuing year and of the conditions of its exercise; or, as said in Baxter v. Ins. Co., 29 N. Y. St. Reporter, 592: "The purpose of the statute referred to was to establish a rule which would preserve to the assured the benefit of premiums paid and to prevent the lapse of policies of life insurance without ample notice and an opportunity to save them from forfeiture by payment of premiums due within the specified time and at the same time secure the company in case it is obliged to pay the full amount of the premiums which the policy calls for." The plaintiff was not an assignee of the policy but the beneficiary

Linn v. Ins. Co.

therein.   The notice was properly addressed to her husband for he *was the assured*.   It was expressly provided in the policy that if loss occurred it was to be paid to plaintiff, or, in the event of her prior death, to the representatives of the assured.   In the light of the Rowe case, *ante,* it is clear that plaintiff was not the assignee of the policy and entitled to the statutory notice.

It is conceded that the second premium which fell due on January 29, 1896, was never paid or offered.   The assured was entitled to thirty days grace after his default in making said payment of the annual premium, but of this he failed to avail himself by making the payment within that period.   After the expiration of the days of grace and after the policy by its terms had lapsed, the defendant wrote the assured that, "if it would suit you (the assured) to reinstate the policy if we would accept one tenth of the premium now due and give you until July next in which to pay the remainder?"   To which the assured replied that, "under the circumstances am not with means to keep the policy paid. Am truly sorry *I have to let it lapse.*"

———: waiver: evidence.

It is thus seen that by reason of the non-payment of the second annual premium the policy, in accordance with its terms, became void and inoperative.   There is no evidence whatever of a waiver of the forfeiture.   Nor was there advanced any evidence tending to show that the policy was reinstated within the six months after the non-payment of the second annual premium, or indeed, at any time.   It does not appear that the assured made any application at any time for reinstatement or that he ever furnished or offered to furnish a certificate of good health, or that he ever paid or offered to pay the premium with interest as required by the provisions of the policy.

In no view of the evidence which we have been able to

take can we conclude that the plaintiff made out a *prima facie* case, entitling her to go to the jury.

It follows that the judgment of the trial court must be affirmed.    All concur.