**JEFFERSON STANDARD LIFE INS. CO. v. HICKS.** (No. 1056.)

(Court of Civil Appeals of Texas. Beaumont. July 7, 1924. Rehearing Denied Oct. 15, 1924.)

1. **Insurance** ⟲⟲310(2)—**Policy held forfeited by insured's failure to pay premium note when due.**

   Life policy *held* automatically forfeited without notice, under express provisions of policy, premium note, and receipt, by insured's failure to pay note when due.

2. **Insurance** ⟲⟲392(10)—**Forfeiture for nonpayment of premium note when due held not waived.**

   Insurer, by sending premium note to bank for collection before it was due and permitting it to remain there for over two weeks after due date, did not waive forfeiture for nonpayment of note when due.

3. **Insurance** ⟲⟲372—**Insurer may waive forfeiture for nonpayment of premium.**

   Insurer may waive forfeiture for nonpayment of premium note.

4. **Insurance** ⟲⟲668(15)—**Waiver of forfeiture for nonpayment of premium note usually fact question.**

   Usually question of waiver of forfeiture for nonpayment of premium note is one of fact.

5. **Insurance** ⟲⟲388(4)—**Waiver of forfeiture may be shown by manner or course of dealing.**

   Waiver of forfeiture for nonpayment of premium note may be shown by manner or course of dealing, evidencing insurer's purpose and intention to keep policy in force and not claim forfeiture.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by Hattie Hicks against the Jefferson Standard Life Insurance Company. Judg-

ment for plaintiff, and defendant appeals. Reversed and rendered.

Adams & Bruce, of Orange, for appellant.
Holland & Holland, of Orange, for appellee.

HIGHTOWER, C. J. The appellee, Hattie Hicks, filed this suit against the appellant, Jefferson Standard Life Insurance Company, in the district court of Orange county, on a life policy insuring the life of her husband, Archie Hicks, and naming herself as beneficiary.

Appellant answered by general denial, by special denial of the death of the insured, and by plea that the policy had lapsed and been forfeited in consequence of the failure to pay the first annual premium that became due after the date of the policy, and this was answered by a plea of waiver.

The case was tried without a jury, and judgment was rendered in appellee's favor for $1,000, with interest on that amount at 6 per cent. per annum from date of judgment. The court filed findings of fact and conclusions of law, as follows:

"First. I find that on January 15, 1920, the defendant issued its policy of insurance on the life of Archie Hicks No. 104723 in the sum of $1,000, in consideration of the annual premium of $32.93, in which the plaintiff, the wife of Archie Hicks, is named as beneficiary.

"Second. I find that on the night of July 6, 1921, Archie Hicks disappeared and has not since been heard from, and that his disappearance in view of his character, habits, home relationship, and other things, indicate his death and create a presumption of his death on that date, and from same, together with the evidence in the case bearing upon his disappearance, I find that Archie Hicks is dead, and that his death occurred on July 6, 1921.

"Third. I find that the annual premium due on said policy January 15, 1921, was not paid; that the same was not paid within thirty (30) days thereafter; that the policy was not forfeited; and that on April 6, 1921, said Hicks paid to the defendant company $3 in cash, and gave to it a note for $29.93, dated January 15, 1921, due January 15, 1921, with interest, as a payment of said annual premium due January 15, 1921.

"Fourth. I find that, under the contract by which said note was given for said premium, if said note was not paid on or before its due date the note was to automatically cease to be a claim against the maker and all rights under the policy should be the same as if no cash payment had been made on or the note executed.

"Fifth. I find that the note due June 15, 1921, was not paid at its due date and has never been paid and is still in the hands of the defendant company.

"Sixth. I find that prior to the due date of said note, which was payable at the home office of the defendant company at Greensborough, N. C., the same was by the company sent to the bank in Orange, Tex., for collection and that it remained in said bank for collection un-

til subsequent to July 10, 1921, when it was returned to the company; that it was sent to the bank without comment or instructions except "Collect," and was returned to the insurance company at its request made subsequent to July 10, 1921.

"Seventh. I find that by presenting the note for collection at Orange and leaving the same for collection in the bank at Orange until July 10, 1921, was a waiver by the defendant company of its payment at its due date and of the forfeiture authorized by such failure of payment.

"Eighth. I find that the policy of insurance sued on was not canceled and was in force by reason of the facts found on the date of the death of Archie Hicks as hereinbefore found.

"Ninth. I find that due notice of the death of Hicks has been given to the defendant company as made by the proof in this case, and that the defendant company has had sufficient time to investigate all of the circumstances, and that the defendant company has disclaimed liability on the policy prior to the institution of this suit.

"Conclusion of Law.

"First. I find that the insurance policy is a binding obligation in the sum of $1,000, payable to Hattie Hicks upon the death of the insured Archie Hicks.

"Second. I conclude that the proof of the death of Archie Hicks is of such character as to establish the same as having occurred on July 6, 1921.

"Third. I conclude that the defendant company has waived the payment of the premium due on the policy at the date of the death of Archie Hicks, and that said policy is in force.

"Fourth. I conclude that plaintiff is entitled to recover in this suit against the defendant the sum of $1,000, with interest from this date at the legal rate, and I enter judgment accordingly."

The court's findings of fact and conclusions of law were duly excepted to by appellant, and its main contentions here are: (1) That the evidence was wholly insufficient to establish the death of the insured; (2) that the evidence showed without contradiction that the policy had been forfeited for nonpayment of premium; and (3) that there was no evidence to warrant the trial court's holding that the forfeiture or lapse of the policy was waived by appellant.

As to the first contention, that the proof did not establish the death of the insured, we have concluded that there is no necessity for this court's determining it, since we feel certain that the judgment must be reversed and rendered, on the ground that the policy was forfeited because of the failure to pay the premium as contended by appellant, and that such forfeiture was not waived by appellant.

The insured, Archie Hicks, at the time of his claimed death, July 6, 1921, was about 38 years of age. His family consisted of his wife, the appellee, and one boy about 8 years of age. They had lived in the town of Orange about 7 years, and the insured was a laborer, working at such public works as were in that vicinity, and on the night of July 6, 1921, he disappeared and has never been seen or heard from by his family or any of his acquaintances at Orange since that date.

The policy upon which suit is based was issued by appellant January 15, 1920, and the first premium of $32.93 was paid in cash. The next annual premium of $32.93 was due January 15, 1921, and was not paid. On April 6, 1921, the insured gave the company his note dated January 15, 1921, due June 15, 1921, for $29.93, and paid to the company $3 in cash, in consideration of which the policy was extended and the agreement of extension was embodied in a receipt then given to the insured, and which reads as follows:

"Jefferson Standard Life Insurance Company of Greensboro, N. C.

"April 6, 1921.

"Received from Archie Hicks, 601 Border St., Orange, Tex., $3 in cash and a note for $29.93, dated the 15th day of January, 1921, due on or before June 15, 1921, after this date, with interest at the rate of six per cent. per annum, without grace, and without demand or notice, payable at the home office of the Jefferson Standard Life Insurance Company at Greensboro, N. C.

"Said note is received by Jefferson Standard Life Insurance Company at the request of the maker and is held by said company, together with said cash on the following express agreement, which forms a part of said note:

"'That, although no part of the premium due on the 15th day of January, 1921, under policy No. 104723, on the life of Archie Hicks has been paid, the insurance thereunder shall be continued in force until midnight of the due date of said note; that if this note is paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the day it becomes due it shall thereupon automatically cease to be a claim against the maker, and said company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall be the same as if said cash had not been paid nor this agreement made; that said company has duly given every notice required by its rules or by the laws of any state in respect to said premium, and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive, and does hereby waive, every other notice in respect to said premium or this note, it being well understood by said maker that said company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms.'

"Jefferson Standard Life Insurance Company,

"By V. A. Sapp."

When the note mentioned in the foregoing receipt became due, or just before its due

date, it was sent by appellant through the mail to a bank at Orange for collection, and no further instructions were given the bank by appellant relative to the note. The bank did not present the note to the insured, but sent him a notice by mail that it held the note for collection, and this notice was received by the insured, but he paid no attention to it, and the note was never paid, and no further instructions were given the bank by appellant, and note remained in the bank until some date after July 10, 1921, the record not showing definitely how long, and then, at the request of appellant, the bank returned the note to appellant, and appellant has ever since had the note in its possession, and no further efforts have ever been made to collect it.

On July 28, 1922, Messrs. Holland & Holland, attorneys at law of Orange, wrote to appellant the following letter:

"Jefferson Standard Life Insurance Company, Greensborough, N. C.—Gentlemen: Your policy No. 104723 in the sum of one thousand dollars, dated January 15, 1920, on life of Archie Hicks is with us for attention.

"Hicks disappeared about a year ago under circumstances clearly indicating foul play, and his family reside here.

"Immediately after his disappearance diligent inquiry was made of his whereabouts and search made for his body, and his disappearance reported to the officers, and he has never been heard from or located.

"During the last term of the district court the matter was called to the attention of the grand jury in session and they investigated his disappearance without any satisfactory results.

"His disappearance, taking all of the circumstances surrounding it as well as his former life, conduct and family connections, clearly indicates that he had been murdered and is not now alive.

"Some weeks ago, or months ago, portions of a skeleton were found down the river from this place, and the sheriff took possession of same, and we think now has possession of same, unless they have been buried. This skeleton or portions, according to our understanding, was found in such condition as to indicate that the party had either been drowned or murdered. There was nothing connected with the remnants found that would serve to identify them as being the bones of any particular person, and the family of Hicks examined them and found no means of identifying them as his remains.

"Hicks is the only person disappearing under circumstances indicating his death within recent years at this place.

"We write this letter to you and ask that you make such investigations of the facts as you can and do all things necessary to determine for yourself whether Hicks is now alive or not, and we will appreciate a reply from you as to what we can expect of you by as early mail as possible.

"We would like to have you make your investigations and give us your report and conclusions in ample time for us to institute suit if necessary on the policy in time for the next term of our district court, some two or three months off.

"Yours truly,
"Holland & Holland."

On August 2, 1922, appellant replied to the foregoing letter as follows:

"Messrs. Holland & Holland, Lawyers, Orange, Texas—Gentlemen: In re: Policy #104723—Archie Hicks. We are in receipt of your favor of the 28th ult. and have noted contents. We will investigate this case on our own account, and let you hear from us as soon as our investigation is completed.

"Yours very truly,
"Ralph B. Coit, Actuary."

On August 24, 1922, Messrs. Holland & Holland wrote the following letter to appellant:

"Jefferson Standard Life Insurance Company, Greensboro, N. C.—Gentlemen: In line with former correspondence and your letter of August 2, 1922, in re policy No. 104723, Archie Hicks, we beg to inclose you carbon copy of affidavit of Hattie Hicks, wife of Archie Hicks, the original of same remaining in our files.

"This affidavit gives all the information that the wife is able to give and does not show conclusively that the man is dead.

"We inclose you also carbon copy of affidavit of H. G. Lightfoot, who formerly lived in Orange and now lives in Montrose, Ark. This affidavit also only throws light on the question of whether Hicks is living or dead.

"We also inclose you a carbon copy of letter written by a man by name of Miller, whose address is shown by carbon copy, and which letter is addressed to Mr. Hoover, and Mr. Hoover resides and is, so far as we are informed, now in Orange. This carbon is also inclosed to you for use in your investigations in the matter.

"If you have an investigator at work on this matter we will be more than pleased to have you let him call on us and let us at first hand give him such information as we have.

"The writer is fairly well convinced that Hicks is dead, but wants a full investigation made before any claim is made for his life insurance by his widow. The widow lives here, as well as her parents, and they can be seen and talked to by your investigator, and we will be glad to have him do this.

"Upon receipt of these copies, please acknowledge same and let us hear from you further,

"Yours very truly,
"Holland & Holland."

On August 31, 1922, appellant wrote to Messrs. Holland & Holland as follows:

"Holland & Holland, Attys., Orange, Texas—Gentlemen: In re: Policy 104723—Archie Hicks. We beg to acknowledge receipt of your favor of the 24th inst., regarding the disappearance of Archie Hicks on whose life the above-numbered policy was issued and dated January 15, 1920. In writing to us under date of July 28, 1922, in reference to this case you stated that Mr. Hicks disappeared about a year ago, but you failed to give us the exact date of his disappearance. The papers inclosed with your letter of August 24th show that Mr.

Hicks was last seen on the evening of July 6, 1921; therefore, Mr. Hicks did not disappear until after the policy of insurance issued by this company had lapsed. Our records show that Mr. Hicks gave a premium note extending the time in which to pay the second premium on the above-numbered policy, which was due January 15, 1921. This note was dated January 15, 1921, and due on the 15th day of June, 1921. The insured failed to pay this note, and the policy lapsed on June 15, 1921.

"The contract having lapsed on June 15, 1921, this company would have no liability even if furnished with satisfactory proofs of the insured's death.

"Yours very truly,
"Ralph B. Coit, Actuary."

In the policy itself, we find this provision:

"In case of default in the payment of any premium, or installment of premium, or note given for any premium or portion thereof, this policy shall cease and determine, and the payments received hereon shall become the property of the company. * * * "

[1] Thus it will be seen that it was expressly provided in the note executed by the insured for the deferred premium, and also in the policy itself, that a failure on the part of the insured to pay the note when due, would automatically work a forfeiture of the policy, and it was expressly provided in the receipt given to insured, as we have shown above, at the time the note was executed, that such would be the effect of his failure to pay the note, without any further notice of any character whatsoever from appellant or any notice of forfeiture by it to the insured.

It is too clear for argument that the insured's failure to pay the note, which became due June 15, 1921, automatically worked a forfeiture of his policy, and unless there was evidence in this case authorizing the conclusion that such forfeiture was waived by appellant, the appellee was not entitled to recover anything on this policy.

[2-5] Able counsel for appellee contend that appellant's action in sending the note to the Orange bank before it came due for collection and in permitting the note to remain in the bank until some time after July 10, 1921, was sufficient to show that appellant had waived the forfeiture, and that therefore appellee was properly awarded judgment. We cannot agree with this contention. True, as contended by counsel for appellee, appellant had the right to waive the forfeiture if it so desired, and usually the question as to whether there was such waiver is one of fact. Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585; Roberts v. Wichita Life Ins. Co. (Tex. Com. App.) 221 S. W. 268; Bankers' Reserve Life Co. v. Sommers (Tex. Civ. App.) 242 S. W. 258. Such waiver may be shown by showing the manner of dealing by the insurance company with the previous default, and if such manner or course of dealing evidences the purpose and intention on the part of the insurance company to keep the policy in force, and not to claim a forfeiture thereof, the courts will treat the forfeiture as waived by the insurer, and recovery on the policy will not be barred. Equitable Life Assurance Society of U. S. v. Ellis, 105 Tex. 526. The last-cited case is relied upon by counsel for appellee here in support of their contention that the forfeiture in this case was waived, but we cannot agree with counsel that the holding in the Ellis Case has application here. In that case, as said by Associate Justice Phillips, the facts showing waiver of Ellis' forfeiture were so strong and convincing that no other reasonable conclusion could be reached. The insurance company in that case was most persistent in its persuasion of Ellis to keep his policy alive, and actually declined to declare a forfeiture, as shown by its correspondence, until after Ellis' death, which was very sudden and unexpected. We think that the Ellis Case is in no sense parallel to this one on the facts.

As we have stated, the only act on the part of the insurance company in this case relied upon by appellee as a waiver of the forfeiture of the policy was the sending of the note to the Orange bank for collection before it was due and permitting it to remain there without further instructions, and afterwards having the bank to return the note. It seems to be held generally that a mere demand by an insurance company of the payment of a past-due premium or note given for a premium does not of itself constitute a waiver of a forfeiture of a policy which had theretofore occurred. Cohen v. Insurance Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24; Iles v. Mutual Reserve Life Ins. Co., 50 Wash. 49, 96 Pac. 522, 18 L. R. A. (N. S.) 903; Duncan v. United Mutual Fire Ins. Co. (Tex. Com. App.) 254 S. W. 1103; Union Central Life Ins. Co. v. Chowning, 8 Tex. Civ. App. 455, 28 S. W. 117; Laughlin v. Fidelity Mutual Life Ass'n, 8 Tex. Civ. App. 448, 28 S. W. 411; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204; Linn v. New York Life Insurance Co., 78 Mo. App. 192; Ware v. Millville Mutual Ins. Co., 45 N. J. Law, 177.

It being clear that the policy in this case had lapsed and forfeited for nonpayment of premium, and there being no evidence that such forfeiture had been waived, the appellee was not entitled to recover on the contract, and the trial court should have so held. The case seems fully developed, and no reason is seen for remanding the cause for another trial.

It has therefore been ordered that the judgment be reversed and here rendered in appellant's favor.